WILLIAM H. WHITWELL *vs.* ISAIAH B. WINSLOW & another.

Bristol. Oct. 27, 1882. — March 2, 1883. C. ALLEN, COLBURN &
HOLMES, JJ., absent.

In an action upon a non-negotiable promissory note, signed by the defendant and
payable to a third person or bearer, the plaintiff offered to show that, when the
defendant gave him the note, he told the defendant it should be in his name or
to his order, and that the defendant replied, "It is all right, it makes no differ-
ence, it is payable to bearer and you can collect." *Held,* that the evidence was
inadmissible to vary the legal effect of the instrument; and that it could not
operate as an estoppel to prevent the defendant from contending that the plain-
tiff could not maintain an action on the instrument in his own name.

A promissory note for a certain amount, payable to a person named or bearer,
"with interest the same as savings banks pay," is not negotiable.

In an action for money lent to the defendant by the plaintiff, it appeared that the
defendant had a large sum of money belonging to A., and that A. gave an
order to the plaintiff on the defendant, which stated that A. had made arrange-
ments with the plaintiff to settle up his affairs; that the defendant was to have
a certain sum and the balance was to be in the plaintiff's name as he should
see fit. The plaintiff testified that the defendant paid over to him the money
mentioned in the order, and that he lent a portion of it to the defendant. The
defendant was afterwards appointed executor of A.'s will. *Held,* that the action
could not be maintained.

CONTRACT, against Isaiah B. Winslow and Frederick Wins-
low, upon the following instrument, signed by the first-named
defendant and indorsed by the other defendant: "Fall River,
June 29, 1872. For value received I promise to pay to Elijah
Pierce or bearer five hundred dollars with interest the same as
savings banks pay." Writ dated August 7, 1877. Isaiah B. was
defaulted, and Frederick, who alone defended, answered, admit-
ting his signature on the back of the instrument declared on,
but denying that he made the instrument either by himself or
with Isaiah B., or that he had any notice of its non-payment,
or that he was liable therefor; and alleged that the instrument
was not the property of the plaintiff, and that he held it wrong-
fully and had no right to maintain this action thereon; and
that the instrument belonged to the estate of Elijah Pierce, the
payee, and, as executor of the will of Pierce, the defendant was
entitled to the instrument.

After the former decision, reported 132 Mass. 307, the case
was tried in the Superior Court, before *Blodgett,* J., who allowed
a bill of exceptions, in substance as follows:

The plaintiff offered the instrument declared on in evidence, and the defendant asked the judge to rule that the instrument was not a promissory note; and that, if it was, it was not negotiable, and the plaintiff could not maintain an action thereon in his own name. The plaintiff contended that this defence was not open under the pleadings; and offered to show that, when Frederick Winslow gave the instrument to the plaintiff, the plaintiff told him it should be in his name or to his order, and that Frederick replied, "It is all right, it makes no difference, it is payable to bearer and you can collect." But the judge ruled that the instrument was not negotiable; that the plaintiff could not maintain an action in his own name thereon; that the defence was open under the pleadings; and that the offer of evidence by the plaintiff was incompetent and immaterial; and the plaintiff excepted. The plaintiff thereupon amended his declaration by adding a second count for money lent.

The plaintiff testified that Elijah Pierce, the payee named in the instrument, was his grandfather; that he saw him in June 1872; that at that time the defendant Frederick had a large sum of money belonging to Pierce, and Pierce told the plaintiff that he should let Frederick have a thousand dollars, Abraham Pierce a thousand dollars, and the balance was to be in the plaintiff's name as he should see fit; that thereupon Pierce gave the following order to the plaintiff on the defendant Frederick: "Little Compton, June 22d, 1872. Frederick. I have made arrangements with Henry to settle up my affairs in Fall River about that money as follows: you will hold a book for $1000, and Abraham Pierce in Myricksville a book for $1000, and the balance will be Henry's name as he shall see fit. He will be authorized to pay all my bills and to take receipts for the same. Easton & Milne is hereby notified to pay the money over to him. Elijah Pierce."

The plaintiff further testified that he was the person meant by "Henry;" that he presented the order to the defendant, who paid over all the money in his hands except the $1000 he was to have; that the plaintiff then gave to the defendant $500 of his own money as a loan; that Pierce told him that he had agreed to let Frederick have $500 for Isaiah, but that the plaintiff could do as he thought best, and that Pierce would like to

have him accommodate Frederick. On cross-examination, the plaintiff testified that the order substantially expressed all that was said between him and Pierce about the money; that no demand had ever been made on him for the note or money by Pierce, or any one in his behalf, and that Pierce died in 1877; that the plaintiff had used a part of the money, had deposited the rest in his own name, and had let Pierce have in all $700 from time to time; that at the time when the money was paid over to him by Frederick he gave him the following receipt: "$3890.00. Fall River, June 25th, 1872. Received of Frederick Winslow three thousand eight hundred and ninety dollars belonging to Elijah Pierce of Little Compton in compliance with his order. William H. Whitwell;" that the whole amount in Frederick's hands belonging to Pierce was $4390; that the $500 was not taken out by Frederick before the receipt was given, and before the money was handed to him by Frederick, and that he could not explain how the receipt came to be for $3890; that no gift of the money or note was made to him by Pierce except so far as the order gave it; that the order was written by him at Pierce's dictation; and that Pierce told him that Frederick was to have $1000, Abraham Pierce was to have $1000, and, if he saw fit, to let Frederick have $500 for Isaiah, and the balance was to be in his name as he saw fit.

The defendant offered no evidence; and asked the judge to rule that the plaintiff had not made out his case, and there was nothing to go to the jury. The judge so ruled, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*H. K. Braley,* for the plaintiff.

*J. M. Morton,* for the defendant.

FIELD, J. The exception, that it was not open, under the pleadings, to the defendant to contend that the instrument declared on was not negotiable, was waived at the argument.

The rejection of the evidence of what Frederick Winslow said to the plaintiff at the time he gave the note to him, so far as it was offered for the purpose of varying the legal effect of the instrument, was right. Neither could the evidence offered, if true, operate as an estoppel to prevent Frederick from contending that the plaintiff could not maintain in his own name an action on the instrument. If the statement made by Frederick

was false, and was made by him with the intention that the plaintiff should act upon it, and the plaintiff was thereby induced to accept the instrument, still it was a statement of an opinion upon a question of law, where the facts were equally well known to both parties.

The instrument declared on is a promise to pay Elijah Peirce, or bearer, five hundred dollars " with interest the same as savings banks pay." It is in form a negotiable promissory note, but the defendant contends that it is not such a note, because the words " with interest the same as savings banks pay " render the sum to be paid uncertain. The instrument is in effect payable on demand, and is not made payable at any particular place. Either the words " with interest the same as savings banks pay " must be considered too uncertain in meaning to constitute a contract, or it must be determined, either by construction or by evidence, or by both, what savings banks were intended by the parties; and it must be shown by evidence what rate of interest was paid by these savings banks during the time interest was payable on the instrument. If it be assumed that the savings banks intended were either the savings banks in Fall River, where the instrument was dated, or the savings banks in Massachusetts generally, it may be found that all the savings banks either in Massachusetts or in Fall River have not during the period mentioned paid the same rate of interest, and that perhaps each bank has not at all times during that period paid uniformly one rate of interest. The ordinary dividends of savings banks in this Commonwealth are paid out of their income, after deducting their reasonable expenses. These dividends are now regulated by the Pub. Sts. c. 116, §§ 24–28; and, at the time the instrument in suit was given, were regulated by the Gen. Sts. c. 57, § 147. See St. 1876, c. 203, §§ 14–17. The maximum rate of ordinary dividends is now prescribed by statute, but, within this maximum, the rate actually paid must depend upon the income of each bank. There is therefore no certainty in a promise to pay interest at the rate of the dividends of savings banks in Massachusetts generally; or in a promise to pay interest at the rate of the dividends of the savings banks in Fall River, if there be more than one savings bank there; unless it be shown by evidence that the rates of interest of all the banks which were intended by the parties

have been the same during the whole period for which interest is to be computed. If the rates of interest paid by these banks have been different during this period, it becomes impossible to determine what rate of interest was intended by the promise to pay interest the same as savings banks pay. It is therefore uncertain whether this promise can be made certain by any evidence. Such a promise has not on the face of the instrument that degree of certainty in regard to the amount of money to be paid which is requisite to constitute a negotiable promissory note.

The evidence recited in the exceptions was not sufficient to warrant the jury in finding a verdict for the plaintiff upon the second count for money lent. The evidence tends to show that, if the money was lent, it was lent by the authority of Elijah Pierce, and was his money; and that, if any debt is due, it is due to his estate; and the defendant is executor of his will. The rulings of the presiding justice were correct.

*Exceptions overruled.*