## No. 13,412.

WILLIAM H. HUGHES VS. E. A. MATTES AND OLD BANGOR SLATE COMPANY.

### SYLLABUS.

1. In an action on a note (not bearing interest), representing the purchase price of property, interest begins to run from the maturity of the note. (C. P. 2554.)
2. Imputation of payment remains as made between debtor and creditor, in the absence of any plea by a third person, objecting to the imputation as made.

A PPEAL from the Civil District Court, Parish of Orleans—*Theard, J.*

*Benjamin Rice Forman,* for Plaintiff, Appellee.

*Dinkelspiel & Hart* and *E. A. O'Sullivan,* for Old Bangor Slate Company, Defendant, Appellant.

*Walter B. Sommerville,* for E. A. Mattes, Defendant, Appellant.

*J. Paris Childress,* for J. B. Lee in his capacity of curator of Estate of Honora Lee, Interdict, Third Opponent, Appellee.

The opinion of the court was delivered by

BREAUX, J. Plaintiff is appellant in a separate appeal taken by him and has brought up a separate transcript.

First, he complains of the judgment in not allowing him interest as prayed for, and second, in maintaining the intervention of J. B. Lee, a lessor.

As relates to the interest, the notes did not bear interest from their dates, and they contained no stipulation for interest. It follows that they bear only legal interest from the date of maturity of each note. The seller had granted time within which to pay the price of the slates sold to the defendant, as made evident by the notes. "When the seller has granted to the buyer a term for the payment, *interest* begins to run from the end of that time." C. C. 2554. (Italics ours.)

Second, as relates to the intervention of Lee, Mattes' lessor, the record shows that Lee, the lessor, was entitled to four months' rent. The evidence of the lessee shows his indebtedness as allowed by the judgment. It was not controverted in the District Court. It is now urged in argument on appeal that Mattes' intervenor's lessee, and plaintiff's debtor, continued to keep the leased premises; on which the property which plaintiff had attached and seized and on which the intervenor claimed a privilege was situated at the time of the attachment and seizure and that he continued to pay rent of the leased premises, simply leaving enough due on the back rent, as he supposed necessary to absorb the proceeds of the movable property referred to as having been attached.

Plaintiff claims that the payment that had been made from the time of the attachment, November 18th, 1896, up to the time of the trial, should be imputed to the earlier rent notes, and, therefore, for September, October, November and December, 1896, which Mattes said he still owed and the only rent that he owed to the intervenor.

The months before mentioned are the only months for which rent was allowed by the judgment of the District Court. The testimony shows that these months being the months just preceding the attachment and seizure, were not paid. Not having been paid, the rent is secured as to its payment by lessor's privilege unless the imputation of payment heretofore made between the lessor and lessee should be changed and the amount heretofore paid imputed to the said months.

We do not think that a change should now be made. The pleadings do not show that any objection was made in due form to the imputation of payment as made. Plaintiff filed no answer asking that imputation should be made as it is now argued should have been made. Moreover, the judgment in this case was signed by the district judge on the 8th

of December, 1899. Plaintiff moved for an appeal, in so far as the intervenor was concerned, on the twenty-third day of February, 1900.

The issues now raised not having been raised previously, the appellee may well have assumed that no change would be made other than such change as the pleadings suggested.

We are constrained to decline to change the imputation of payment heretofore made.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant's costs.