(33 South. 760.)

No. 14,442.

GOSS PRINTING PRESS CO. v. DAILY STATES PUB. CO., Limited.

(Feb. 16, 1903.)

### NOTE—INTEREST—DEFERRED PAYMENTS.

1. The note, which has been paid, except interest, leaving for decision a question of interest only, bore interest at the rate of 6 per cent. It is silent as to when the interest began to run. It reads, "With interest at the rate of six per cent. per annum from ——— until paid ———."

2. The contract with which it was identified, and which is evidence of its consideration, stated, "All deferred payments to bear interest at 6 per cent. per annum." Another part of the contract contains the following stipulation, "Bearing interest at 6 per cent. per annum."

3. "Deferred" is used in the sense of "put off" credit, and unavoidably gives rise to inference of interest on credit portions of purchase price from date that time was given for payment of the price.

4. The contracts were made part of the petition, and admitted in evidence. The matter of interest must be determined after consulting the note and contracts, and they together evidence interest from date, and not from maturity.

5. The decision distinguished from Hughes v. Mattes, 104 La. 231, 28 South. 1009, in which it was held that interest dated from maturity. In the latter case no rate and no date of interest were fixed. The court held that it was due from maturity of the note, not its date. The written contract antedated the note some 10 years, and no longer had any bearing on the question of interest.

(Syllabus by the Court.)

Certiorari from court of appeals, parish of Orleans.

Action by the Goss Printing Press Company against the Daily States Publishing Company, Limited. Judgment for plaintiff was affirmed by the court of appeals, and defendant applies for certiorari or writ of review. Dismissed.

Hugh S. Suthon and William K. Horn, for plaintiff. Thomas H. Thorpe, for defendant.

BREAUX, J. Plaintiff claimed the sum of $151, being an amount of interest due, if interest be calculated from the date of the note plaintiff held, or an amount not due if interest be calculated from its maturity. The maker bound itself to pay 6 per cent. per annum on the amount of its indebtedness, yet it did not specially agree upon the date from which interest was to run.

The note was annexed to the plaintiff's petition addressed to the district court; also written contracts. They were admitted in evidence under agreement between counsel.

The district court sustained the exception of no cause of action. From the judgment dismissing the suit, plaintiff appealed to the court of appeal.

The court of appeal reversed the judgment, and remanded the cause to be tried. The district court, in conformity with the view of the appellate court, entered judgment for plaintiff. Defendant then appealed to the

court of appeal. That court affirmed the judgment of the district court.

The following are excerpts from one of these contracts and from memorandum agreement stipulated: "All deferred payments to bear interest at 6 per cent. per annum."

The following is copied from one of the contracts: "All of said notes bearing interest at the rate of six per cent. per annum; * * * and the said vendee hereby declares that it does consent in favor of the said vendors to secure the full and final payment in principal and eventual interest of said promissory notes at their respective maturities."

The applicant here alleges that the decree of the court of appeal is erroneous; that the judgment is contrary to the law on the subject of interest as expressed in the Code, and contrary to the jurisprudence of the court.

We agree with the suggestion of defendant that originally interest on loans was in no great favor, and that the colonists of Louisiana, under the laws of the mother country, were not permitted to charge any interest at all. The civil, common, and ecclesiastical laws have contained at times formal bans against all usury and interest. Domat, verbo "Loan of Money," section 608 et al. (Strahan's Ed.), and the Eng. & Am. Ency. of Law, verbo "Interest," are interesting upon the subject.

The change since is very great. Both interest and usury have had free scope.

The Code of 1825 treated interest in the nature of damages for delay in executing an obligation due and eligible, and a similar provision is contained in the present Code, which provides further that in contracts stipulating a conventional interest it is due, without demand, from the time stipulated for its commencement until the principal is paid. Rev. Civ. Code, art. 1937.

It also contains the following provision, which is law at the present time:

"All debts shall bear interest at the rate of 5 per cent. per annum from the time they become due, unless otherwise stipulated." Civ. Code, art. 1938.

There is no question in this case, under the notes and contracts in question, if interest was not contracted for, none is due.

The court of appeal found as a fact that the suit was one both on a note and the contract from which it has its consideration. It found as a further fact that these contracts expressed stipulation for interest from date.

We are impressed by the stipulation of the contracts regarding interest, and are at loss to understand how it can be concluded that the parties are to be paid interest only from maturity, when reference is made in the contracts, to which we have before referred, setting forth "interest which will be paid," not from but "at maturity." This text of the contracts could only refer to interest preceding maturity, and not to interest accruing after maturity. The note stipulates interest of 6 per cent., and the contracts stipulate the time for its commencement.

Learned counsel felt the force of this stipulation in the contracts. He urges that the contracts were not declared upon by the plaintiff; that they were recited in and made part of plaintiff's petition to give color to the averment of liability on the note, on which he contends alone issue was tendered. These contracts, as fairly admitted by counsel, were made part of the petition. They were admitted in evidence. They were before the court, and form part of the record, and present the main part of the issues of the case. We are constrained, under the law, to consider them. It is true that they had been fully executed before suit was filed. The property bought had been delivered, and all had been completed. Yet, being before us, they must be considered in construing the deed. The note was contemporaneous with the deed, and executed in accordance with its terms.

When the question upon the trial is as to whether interest is due from date or maturity, the note being silent as to time, the contract invoked by the creditor cannot be ignored by the court on the ground that it was not declared upon. It was made part of the petition admitted under agreement of counsel, and brought up with the papers of the case.

The notes are referred to in the deed as "bearing interest at the rate of six per cent.," to quote from one of the contracts, and, from another, "to secure the full and final payment in principal and eventual interest of said promissory notes at their respective maturities."

It covers interest prior, and not subse—

quent, to maturity. It being prior, we can only fix it from date.

Applicant refers with confidence to the case of Hughes v. Mattes, 104 La. 231, 28 South. 1009. The note in that case did not bear interest at all. It, as relates to interest, contained the printed formula with unfilled blanks: "With interest at the rate of —— per cent. per annum from —— until paid"— to excerpt from the note.

The court applied article 1938 of the Civil Code, "All debts shall bear interest at the rate of five per cent. per annum from the time they become due, unless otherwise stipulated," and held that legal interest was due from maturity.

Learned counsel for applicant is under the impression that the act upon which the note was based or issued in the last-cited case has about the same relation to the issue tendered as did the written contract antedating the note in the case in hand.

We have re-examined the facts in the cited case, and again found that the contract which preceded the note was dated in February, 1885.

. The first of the notes sued on (as to date) was dated in 1896. During the intervening years there had been many transactions between the parties—the execution of notes, and the renewal of old with new notes. The parties were in account with each other. There was evidence showing that the indebtedness did not arise on this particular contract of 1885.

It must be borne in mind that the note sued on was dated in 1896. Novation was pleaded, and, though it was not sustained by the court, the court thought that, as to interest, the different acts operated as a bar to its recovery prior to maturity.

In view of all these facts, the court held that interest was due as before mentioned. We reaffirm the case cited, that a note without date as to interest, and without rate fixed, bears interest from its maturity.

This, in view of applicant's contracts, is not the case here.

There only remains to us the alternative of recalling the rule nisi, and discharging the same.

It is ordered, adjudged, and decreed that the petition of applicant be dismissed, at its costs.