FORREST v. SAFETY BANKING & TRUST CO.

(Circuit Court, E. D. Pennsylvania. December 1, 1909.)

No. 636.

**1.** Courts (§ 372*)—Federal Courts—Authority of State Decisions.

Whether or not a certificate of deposit is a negotiable instrument, when not controlled by statute, is a question of general commercial law, upon which a federal court is not concluded by state decisions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 979; Dec. Dig. § 372.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 24 C. C. A. 553.]

**2.** Bills and Notes (§§ 151, 443*) — Certificates of Deposit — Negotiable Character—Rights of Indorsee.

A certificate of deposit in the usual form, payable to the depositor, with interest, at a stated time, in current funds, on its return properly indorsed, is a negotiable instrument having the qualities of a negotiable promissory note, and an indorsee may sue thereon in his own name.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 380, 1380; Dec. Dig. §§ 151, 443.*]

**3.** Bills and Notes (§ 151*)—Certificates of Deposit—"Negotiable Instrument"—Pennsylvania Statute.

A certificate of deposit in ordinary form is a "negotiable instrument," within the provisions of the Pennsylvania negotiable instrument act of 1901 (P. L. 194).

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 380; Dec. Dig. § 151.*

For other definitions, see Words and Phrases, vol. 5, pp. 4767–4770; vol. 8, p. 7731.]

At Law. Action by William S. Forrest against the Safety Banking & Trust Company. On motions by defendant for new trial and for judgment notwithstanding the verdict. Motions denied.

Joseph W. Moses and Samuel K. Louchheim, for plaintiff.

John C. Gilpin, for defendant.

J. B. McPHERSON, District Judge. This suit is brought upon a certificate of deposit issued by the defendant in the following words:

No. 1853.            Philadelphia, Janry. 2nd, 1909.    $3,000.00.

Peter F. Fallon has deposited in the Safety Banking & Trust Company three thousand dollars to the credit of himself payable in current funds on return of this certificate properly indorsed on July 1, 1909. Interest 3½ per cent. per annum.

H. J. Colver, Cashier.                       H. L. Rock, Secty.

This certificate of deposit is not subject to check and is only payable at maturity."

The certificate was properly indorsed in blank by Fallon, and passed into the possession and apparent ownership of J. J. West not long after its date. In March, 1909, West transferred it by delivery to the plaintiff, William S. Forrest, for a valuable consideration and (as the jury has specifically found) in payment of his own debt. Payment having been refused at maturity, Forrest sued in his own name, and the

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

principal question for decision is whether the action is properly brought in that form.

The answer must be in the affirmative if the certificate is a negotiable instrument, and to this point, therefore, the inquiry should be directed. It is undoubtedly true that, if the decisions in Pennsylvania are to govern, this court must hold that the plaintiff cannot sue in his own name. In Patterson v. Poindexter, 6 Watts & S. (Pa.) 227, 40 Am. Dec. 554, it was decided (as the syllabus states), that

"An instrument in writing issued by a bank, signed by the assistant cashier, 'I hereby certify that C. T. has deposited in this bank, payable twelve months from 1st May, 1839, with five per cent. interest till due, per ann., $3,691.63, for the use of R. P. & Co., and payable only to their order upon the return of this certificate,' is not a promissory note within the statute of Anne, but a certificate of deposit on special terms."

This instrument was held to be negotiable for the purpose of transfer only, but not so far negotiable as to charge R. P. & Co. on their indorsement to the holder. This case was cited with approval in Charnley v. Dulles, 8 Watts & S. (Pa.) 353, and in Gillespie v. Mather, 10 Pa. 31. In Lebanon Bank v. Mangan, 28 Pa. 452, an instrument declaring, that

"Mr. Jacob Miller has deposited in this bank $440, subject to his order and payable only on the turn of this certificate"

—was held to be non-negotiable; and in Loudon, etc., Society v. Hagerstown Bank, 36 Pa. 498, 78 Am. Dec. 390, it was said of a similar certificate that it was not a negotiable instrument, and that a transferee thereof could only sue on it in the name of the depositor to the use of the transferee. If, therefore, I am bound by the Pennsylvania decisions, it must be decided that Forrest cannot maintain this suit in his own name and that he is not entitled to judgment upon the record as it now stands.

The question, however, may for the moment be considered as one of general commercial law, and in that region, as is well known, a federal court is not bound by the decisions of a particular state, but may follow its own opinion, or an adverse current of authority elsewhere. Swift v. Tyson, 41 U. S. 1, 10 L. Ed. 865. Such a current may be discovered without difficulty. In the American & English Encyclopedia of Law (2d Ed.) vol. 5, at page 803, the following statement in the text is fully borne out by the citations in the accompanying notes:

"A certificate of deposit drawn in the usual form seems to fulfill in every particular the definition of a promissory note, viz., an unconditional promise in writing for the payment of a certain sum of money absolutely and at all events. It is therefore held in all of the states of the Union, except Pennsylvania, that the instrument is in substance and in legal effect a promissory note and governed in most respects by the same general rules."

And in 5 Cyc., at page 520, the result of the authorities (note 79) is summarized as follows:

"Whether a certificate of deposit is a note or merely a receipt for money has long puzzled the courts. Such certificate, however, if containing proper words to express that intention, is negotiable in the usual manner by indorsement, and although not negotiable in fact, if negotiable in form, it may be assigned. Moreover, where they are negotiable, their transfer is governed by

the rules that apply to promissory notes, as is also the liability of the parties thereon."

Among these authorities is Miller v. Austen, 54 U. S. 218, 14 L. Ed. 119, where the precise question now under consideration was decided by the Supreme Court. The instrument sued upon in that case was in the following language:

"I hereby certify that Hugh Short has deposited in this bank, payable twelve months from the 1st of May, 1839, with 5% interest till due, fifteen hundred dollars, for the use of Henry Miller, and payable only to his order upon the return of this certificate."

This was held to be a promissory note within the statute of Ohio, which made such a note, drawn for a sum certain and payable to any person or his assigns, negotiable by indorsement. The certificate was indorsed successively by Miller and by Lockwood, and suit was brought against Miller by Austen, who was Lockwood's indorsee. The trial court refused to charge "that the paper offered in evidence is not a negotiable instrument under the laws of Ohio, and cannot be sued on by the plaintiffs in the cause," or that it was not a promissory note or a bill of exchange. Upon exceptions to these rulings the case went to the Supreme Court, where the judgment was affirmed in a brief opinion by Mr. Justice Catron. This decision has been frequently followed. In Bull v. Bank of Kasson, 123 U. S. 105, 112, 8 Sup. Ct. 62, 64, 31 L. Ed. 97, where the negotiability of a check was attacked because it was drawn payable "in current funds," the court said:

"The certificate of division of opinion presents to us only one question, and yet, to answer that correctly, we must consider whether the negotiability of the instruments in suit was affected by the fact that they were payable 'in current funds.' Undoubtedly it is the law that, to be negotiable, a bill, promissory note, or check must be payable in money, or whatever is current as such by the law of the country where the instrument is drawn or payable. There are numerous cases where a designation of the payment of such instruments in notes of particular banks or associations, or in paper not current as money, has been held to destroy their negotiability. Irvine v. Lowry, 14 Pet. 293, 10 L. Ed. 462; Miller v. Austen, 13 How. 218, 228, 14 L. Ed. 119 But within a few years, commencing with the first issue in this country of notes declared to have the quality of legal tender, it has been a common practice of drawers of bills of exchange or checks, or makers of promissory notes, to indicate whether the same are to be paid in gold or silver, or in such notes, and the term 'current funds' has been used to designate any of these; all being current and declared by positive enactment to be legal tender. It was intended to cover whatever was receivable and current by law as money, whether in the form of notes or coin. Thus construed, we do not think the negotiability of the paper in question was impaired by the insertion of those words."

See. also, Armstrong v. American Exchange Bank, 133 U. S. 460, 10 Sup. Ct. 450, 33 L. Ed. 747, and Bank of Saginaw v. Title, etc., Co. (C. C. 1900) 105 Fed. 491. In the last-named case Judge Acheson considered the subject, and decided, that

"A certificate of deposit in the ordinary form, payable to the order of the depositor, is a negotiable instrument possessing the qualities of a negotiable promissory note."

Other decisions are referred to in the note to 5 Rose's Decisions, p. 160. The present certificate is in effect payable to Fallon or his order, for this is necessarily implied by the phrase "properly indorsed."

As it seems to me, these authorities conclusively establish the right of the plaintiff to maintain this suit in his own name, if the question is to be decided as one of general commercial law. The defendant contends, however that the Negotiable Instruments Act of Pennsylvania, passed in 1901 (P. L. 194), decides the point against such right, and that this court is bound to follow the statute. Certificates of deposit are not referred to in the act by name, and I have been referred to no decision of the Supreme Court of Pennsylvania that construes the statute upon any question now relevant. If, therefore, the act applies to the present controversy, I think that the defendant's position may be disposed of in a few words. Since the question whether such a certificate is embraced within the description of a negotiable instrument contained in the first 10 sections of the act has not yet been considered by the Pennsylvania tribunal, it follows that a federal court is at liberty to construe the statute for itself. Believing, therefore, that the Negotiable Instruments Act, which is intended to bring about the uniform treatment of legal questions in a most important branch of commercial law, should receive a construction that is in harmony with a widely prevailing view (where such a construction is possible), and having been pointed to nothing in the statute that requires me to hold that certificates of deposit are not included within its description of negotiable instruments, I conclude that the instrument sued on is negotiable under the act, and that the action was properly brought in the name of the holder. How far a federal court would be bound by the decision of a state court that construed a statute occupying the peculiar position of the Negotiable Instruments Act—that is to say, attempting to codify and make uniform the rules that govern an important topic of general commercial law—presents an interesting question, upon which no opinion need now be expressed.

The defendant's motion for judgment notwithstanding the verdict is refused, and to this refusal an exception is sealed. Its motion for a new trial is also overruled, and judgment on the verdict may be entered in favor of the plaintiff. But, inasmuch as the plaintiff conceded at the trial that he is only entitled to retain $2,000, with interest, out of the proceeds of the certificate, the court will at the proper time entertain any appropriate motion in behalf of the person who may be entitled to the other $1,000, looking toward the distribution of whatever sum may be realized from the judgment.