First National Bank of Miami, Appellant, *v.*
Bosler et al.

354

Argued May 14, 1929. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

*Frederick J. Templeton,* with him *Caleb S. Brinton,* for appellant.—The notes are negotiable: M. & M. Bank v. Pizor, 24 Pa. C. C. R. 273; Smith v. Shippey, 182 Pa. 24; Bank v. Crowell, 148 Pa. 284; Ernst v. Steckman, 74 Pa. 1; Zimmerman v. Rote, 75 Pa. 188; Zimmerman v. Anderson, 67 Pa. 421.

*Joseph P. McKeehan,* for appellees.

Opinion by Mr. Justice Simpson, July 1, 1929:

The First National Bank of Miami, Florida, brought suit, in its own name, upon three notes; the trial judge, being of opinion that they were not negotiable instruments, proffered leave to amend, so that the suit would be in the name of the payee to plaintiff's use; the offer was rejected; a nonsuit was entered which the court in banc refused to set aside; and plaintiff now appeals. The judgment is right.

The first note, which was duly signed by defendants, is as follows:

"$2187.50          Miami, Florida, March 16, 1925
"......On or before eighteen months after date, for value received, I promise to pay to the order of Shoreland Company $2,187.50 at its office in Miami, Florida, with interest thereon at the rate of eight per cent per annum from date until fully paid. Interest payable semiannually. The maker and endorser of this note further agree to waive demand, notice of non-payment and protest; and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred payments are to bear interest from maturity at ten per cent per annum semiannually."

The other two notes are exactly the same as the one quoted, except that they are payable 24 and 30 months after date. We need consider but one of the three reasons urged as sustaining the action of the court below.

Our Negotiable Instruments' Law of May 16, 1901, P. L. 194 (which, so far as appears, is exactly the same as that of Florida, where the notes were made payable), provides in section 1 that "An instrument to be negotiable......*must* contain an unconditional promise or order to pay a sum certain in money"; and, in section 2, "The sum payable is a sum certain, within the meaning

of this act, although it is to be paid: (1) With interest
......" Taken together, these provisions mean that if
the note provides for the payment of a principal sum and
interest, it must clearly appear, from the note itself, that
at any given date the two will always aggregate "a sum
certain"; otherwise, though the note might be for "a
sum certain" so far as concerns the principal, it might
be uncertain as to interest, or vice versa, notwithstand-
ing that the statute declares it must always "contain an
unconditional promise to pay a sum certain."

It will be observed that, in its first sentence, the note
says the principal is payable "with interest thereon at
the rate of eight per cent per annum from date until
fully paid," which must mean whether before or after
maturity. The last sentence says: "Deferred payments
are to bear interest from maturity at ten per cent per
annum." "Deferred payments......from maturity"
can only refer to all sums which the note says are to ma-
ture in the future, that is, postponed payments; and
this is the meaning given in the Century Dictionary,
Webster's New International Dictionary and Black's
Law Dictionary. So, also, the words are construed in
Goss Printing Press Co. v. Daily States Pub. Co., 109 La.
759, where the contract of purchase, out of which the
note there in suit grew, stated "All deferred payments
to bear interest at 6 per cent per annum." The "deferred
payments" were held to apply to all "credit portions of
the purchase price."

The present note has, therefore, two irreconcilable
clauses, so far as concerns the interest payable after ma-
turity; one specified in the clause that the debt is to
bear eight per cent interest *until fully paid,* whether be-
fore or after maturity, and the other which states that
the debt is to bear interest at ten per cent per annum
after maturity. It does not contain, therefore, as it
*"must,"* in order to be negotiable, "an unconditional
promise......to pay a sum certain."

Plaintiff has given us no authority supporting its contention on this question, and our own researches have disclosed none. We have found cases holding that if interest is provided for, but no rate is stated, the legal rate will be presumed to have been intended, and certainty as to the amount to be paid will result. So, also, we have found others which say that a sum certain obtains, if one rate of interest is charged until maturity and a different rate thereafter. Under these latter cases, if the note in suit had said that interest was to be payable "at the rate of eight per cent per annum from date until [maturity, not until] fully paid [as it in fact says].......deferred payments to bear interest from maturity at ten per cent per annum," it would have been negotiable. The uncertainty pointed out makes it nonnegotiable, however.

Our own investigation has disclosed but three clearly relevant cases, and they all lead to the conclusion that such a note as this is not negotiable. In Davis v. Brady, 17 S. D. 511, the note was for $400 "with interest from date until fully paid at the rate of ten per cent per annum, payable annually on principal and all overdue unpaid interest. If the said interest is not paid when due, it becomes part of the principal and draws interest at twelve per cent per annum until paid." It will be noticed that the language there is substantially the same as here. The note was held to be nonnegotiable. In Story v. Lamb, 52 Mich. 525, the court reached the same conclusion, where the body of the note provided that there should be payable to John A. Lamb $150 with ten per cent interest, and, at the time of delivery, he signed a subjoined clause stating that "If this note is paid within one year no interest to be paid." So, too, a note payable "with interest the same as savings banks pay," was held not to be negotiable, in Whitewell v. Winslow, 134 Mass. 343. The foregoing cases were not decided under the Uniform Negotiable Instruments Law, but, on the point referred to, the law was not altered by that

statute. Under it, we have found no cases either for or against our conclusion herein.

The judgment of the court below is affirmed.