## NEW MIAMI SHORES CORPORATION, PLAINTIFF, v. FREDERIC L. DUGGAN, DEFENDANT.

### Decided May 26, 1931.

OLIPHANT, S. C. C. This matter is before the court on an agreed state of facts. It is a suit by the plaintiff as holders of eight notes made by the defendant. The payee of all the notes was the Miami Shores Company. The notes were as follows:

"$247.50.

Miami, Florida, February 19th, 1925.

\* \* \* On or before eighteen months after date, for value received, I promise to pay to the order of Miami Shores Company, two hundred forty-seven and 50/100 dollars at its office in Miami, Florida, with interest thereon at the rate of eight per cent. per annum from date until fully paid. Interest payable semi-annually. The maker and endorser of this note further agree to waive demand, notice of non-payment and protest; and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred payments to bear interest from maturity at ten per cent. per annum semi-annually."

The notes were endorsed in blank by the payee and assigned by separate instrument to the Commercial Bank and Trust Company, trustee, under date of July 20th, 1925. The pertinent part of the assignment is as follows: "All the land purchase contracts, together with the notes relative thereto and all the obligations of the purchaser thereunder. The relative notes have been endorsed in blank and are thereafter deposited with the trustee and this assignment further evidences the right of the said trustee to the within, subject to the provisions of said indenture agreement." The Commercial Bank and Trust Company, trustee, later assigned the notes together with the land purchase contracts to the City National Bank and Trust Company as trustee. A foreclosure suit was then prosecuted against the Miami Shores Company, Commercial Bank and Trust Company, trustee, et al., and the special master under the foreclosure suit assigned the notes to the plaintiff corporation. Under date of August 5th, 1926, the defendant assigned his two contracts of purchase to one Speedy, at which time the holder of the notes was the Commercial Bank and Trust Company, trustee.

I am satisfied the notes sued on were not negotiable. While I have been unable to discover any case in this state exactly in point, the Supreme Court of the State of Pennsylvania has held in a very recent case brought on notes identical in language with those in suit, that they do not meet the requirements of sections 1 and 2 of the Negotiable Instrument act, and are not negotiable instruments. *First National Bank of Miami, Florida,* v. *Bosler et al.,* 147 *Atl. Rep.* 74. The States of Pennsylvania, Florida and New Jersey have all adopted the Uniform Negotiable Instrument act and I am in entire accord with that decision.

While these notes were not negotiable, they were assignable and a valid assignment was made to the Commercial Bank and Trust Company as trustee and finally by assignment came to the plaintiff corporation. The defendant seeks to prove that there was a novation by reason of his assignment under

date of August 5th, 1926, to Speedy. It appeared that the Miami Shores Company acted as agent for Speedy, that it collected from Speedy $2,250, and that it sent its check to Duggan for the sum of $1,609.20, as is evidenced by the settlement sheet from the Miami Shores Company, showing a sale of the lots for Duggan and a settlement with him.

There was no novation of the contracts or notes. Novation implies the extinguishment of an existing debt or obligation by the parties thereto and its transition into a new existence between the same or different parties, the consideration mutually being the discharge of the old contract. No extinguishment of plaintiff's debt can be implied from the Duggan assignments or the Miami Shores Company settlement sheet. No new contract was substituted by Speedy with the Commercial Bank and Trust Company, trustee, who were the holders of the notes at the time of the assignment from Duggan to Speedy. The Miami Shores Company could make no contract with either Speedy or Duggan, the first to assume the debt and the other to be released therefrom, which could bind the trustee. At no time was there a substitution of one debt for the other. If Speedy assumed Duggan's liability on the notes, this did not release Duggan from that liability. There was no acceptance by the trustee of any release of Duggan and the acceptance of the assumption of the obligation by Speedy. There is no proof of any payment by Speedy to any of the holders of the notes in the chain of holders on account of the notes in suit. The notes being non-negotiable, the plaintiff being the holder thereof by assignment, there being no novation and no evidence of payments thereon, the plaintiff is entitled to a verdict in the sum of twenty-nine hundred and seventy dollars ($2,970), representing the principal of the notes in suit and the interest thereon.

Judgment will accordingly be entered in that sum.