## BURNS MORTG. CO., Inc., v. FRIED.

### No. 5086.

Circuit Court of Appeals, Third. Circuit.

Sept. 19, 1933.

Rehearing Denied Nov. 15, 1933.

Saul Finestone and Sigmund H. Steinberg (of Blanc & Steinberg), both of Philadelphia, Pa., for appellant.

John C. Noonan, of Philadelphia, Pa., William H. Schneller, of Allentown, Pa., and Hugh P. McFadden, of Bethlehem, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The Burns Mortgage Company, Inc., as holder, brought an action in assumpsit upon six promissory notes against Erwin M. Fried, the maker. The notes were executed and delivered in Florida. Each contained, the following provisions: "With interest thereon (the principal sum) at the rate of 7 per cent per annum from date until fully paid. · Interest payable semi-annually. * * * Deferred interest payments to bear interest from maturity at 10 per cent per annum, payable semi-annually."

The statement of claim averred that the payee, the Golden Isles Corporation, indorsed and delivered the notes before maturity to one Williamson. Payment was refused at maturity. Thereafter Williamson indorsed and delivered the notes to the Burns Mortgage Company, Inc. In an affidavit of defense raising questions of law, the defendant averred that the notes were not negotiable instruments, and that the suit was therefore improperly brought in the name of the Burns Mortgage Company, Inc., as plaintiff, but should have been brought in the name of the payee, the Golden Isles Corporation, to the use of the assignee, the Burns Mortgage Company, Inc. The District Court gave the plaintiff an opportunity to amend, but, after this privilege was refused, a judgment of non pros. was entered.

The ultimate question for decision on appeal is a procedural one—whether the Burns Mortgage Company, Inc., was entitled to bring suit in its own name as plaintiff.

The primary question is whether the notes are negotiable, since, if they are, suit may be instituted by the holder in its own name. The appellant contends that the negotiability of the notes must be determined by the law of Florida, the state where the notes were executed, and that the Supreme Court of Florida, construing the Florida Negotiable Instruments Law (Comp. Gen. Laws Fla. 1927, § 6760 et seq.), has held that notes such as those in suit are negotiable. Taylor v. American Bank, 63 Fla. 631, 57 So. 678, Ann. Cas. 1914A, 309 (1912). The appellee maintains that Pennsylvania and not Florida law applies and that, measured by the standards contained in the Pennsylvania decisions, the notes in suit are not negotiable. First National Bank of Miami, Fla., v. Bosler, 297 Pa. 353, 147 A. 74.

It does not follow, from the fact that the notes were executed in Florida or that suit was brought in a District Court held in Pennsylvania, that decisions of the courts of these states bind us upon the question of negotiability. The construction given by state courts of last resort to state statutes, which are merely declaratory of the common law or of the law merchant, does not bind federal courts. Mutual Life Ins. Co. v. Lane (C. C.) 151 F. 276, affirmed Alexander v. Lane (C. C. A.) 157 F. 1002, certiorari denied 208 U. S. 617, 28 S. Ct. 569, 52 L. Ed. 647; Capital City State Bank v. Swift (D. C.) 290 F. 505; Peterson v. Metropolitan Life Ins. Co. (D.

C.) 19 F.(2d) 74, affirmed (C. C. A.) 19 F.(2d) 88; Jockmus v. Claussen (D. C.) 47 F.(2d) 766.

Savings Bank v. National Bank (C. C. A.) 3 F.(2d) 970, 39 A. L. R. 1374, and Niagara Fire Ins. Co. v. Raleigh Hardware Co. (C. C. A.) 62 F.(2d) 705, contra.

█ We find no precedent in the Third circuit upon this question. In Forrest v. Safety Banking Co. (C. C.) 174 F. 345, decided after the adoption of the Pennsylvania Negotiable Instruments Law (56 PS Pa. § 1 et seq.), Judge McPherson declined to determine how far the federal courts were bound by the construction given by a state court of last resort to a statute such as the Negotiable Instruments Law which attempts to codify the rules that govern a branch of general commercial law. If the state Legislature had modified or changed the common law or the law merchant in its Negotiable Instruments Law, we would consider ourselves bound by the construction of the state court. We think, however, that under the rule laid down by Mr. Justice Story in Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865, the true interpretation and effect of instruments of a commercial nature are to be sought not in the decisions of the local tribunals, but in the general principles and doctrines of commercial jurisprudence. We must therefore determine the question of the negotiability of the notes in suit in accordance with what we find to be the general commercial law.

The Uniform Negotiable Instruments Law was in force in both Florida and Pennsylvania at the time of the execution of the notes. Sections 1 and 2 (Comp. Gen. Laws Fla. 1927, §§ 6761, 6762 and 56 PS Pa. §§ 1, 2) provide as follows:

"1. That an instrument to be negotiable must conform to the following requirements: * * *

"(2) Must contain an unconditional promise or order to pay a sum certain, in money; * * *

"2. The sum payable is a sum certain, within the meaning of this Act, although it is to be paid:

"(1) With interest; or,

"(2) By stated installments; or,

"(3) By stated installments, with a provision that upon default in payment of any installment or of interest, the whole shall become due. * * *"

█ Under the law merchant, provisions for the payment of a principal sum with interest, together with interest upon deferred interest payments, such as are contained in the notes in suit, result in making for uncertainty in the sum due. The notes in their terms entirely negative the assertion of certainty. How can the sum due be said to be certain when there is nothing upon the face of the notes to indicate the amount of the semiannual interest payments due to the holder? Or how can it be certain from the face of the notes whether interest payments have been deferred and, if so, to what amount deferred interest payments bear interest at 10 per cent. semiannually?

The suit is not brought in the name of the payee but in the name of one who claims to be a holder for value. The maker, if sued by the payee, would be entitled to set up any defenses available between himself and the payee but, if the instrument is negotiable, he is liable in a suit by a holder for whatever sum appears to be payable from the face of the instrument. The extent of his liability must therefore appear upon the face of the note; otherwise there is no certainty as to the sum due.

The appellant, to sustain its contention that the notes in suit are negotiable, has cited cases where the instruments sued upon were bonds to which interest coupons were attached. Those cases are not in point since it is obvious that the holder of a coupon bond can see at a glance exactly what amount is due at any given period.

We are in accord with the reasoning and conclusions of the Supreme Court of Pennsylvania in First National Bank of Miami, Fla., v. Bosler, supra, and of the Supreme Court of New Jersey in New Miami Shores Corporation v. Duggan, 155 A. 262, 9 N. J. Misc. 620, affirmed 109 N. J. Law, 220, 160 A. 515. We conclude that the notes in suit are not negotiable since they lack certainty in amount, one of the essential elements of negotiability.

In view of our discussion concerning the negotiability of the notes in suit, we do not deem it necessary to do more than indicate that the Conformity Act (28 USCA § 724) requires that in all procedural matters we apply the law of the state within which the District Court is held.

Our conclusion is that the learned trial judge did not err in his disposition of the questions of law raised in the affidavit of defense.

The judgment of the court below is affirmed.