## Estate of J. M. Mitinger, Deceased

Argued April 19, 1934.

Before TREXLER, P. J., KELLER, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Fred B. Trescher* of *Kunkle, Walthour & Trescher,* for appellants.

*Laurence C. Euwer,* and with him *Robert D. Noel,* for appellees.

OPINION BY PARKER, J., July 13, 1934:

The sole question raised on this appeal involves a determination of the date from which interest is to be charged to the devisees named in the tenth paragraph of the will of James M. Mitinger. That paragraph is as follows: "I will, devise and bequeath all my right, title, interest, property, claim and de-

mand of, in and to all that certain real estate situate on the East side of Main street, between Pittsburgh street and Second street known as the 'Mitinger Block,' unto my two nephews J. Edward Mitinger and Robert B. Mitinger at a sum or price of Twenty Thousand Dollars ($20,000.00); said Twenty Thousand ($20,000.00) Dollars to be paid to my. Executors hereinafter named in three equal triennial payments. Said deferred payments to bear interest at the rate of 4½% per annum. The said J. Edward and Robert B. Mitinger to have the income on said property from the date of my death and to pay out their proportionate share of the taxes and repairs of said building and to have the right to anticipate the payment, of the whole or any part of said Twenty Thousand Dollars ($20,000.00), at any time." The testator appointed these nephews his executors, and they elected to take the property at $20,000 as of the date of testator's death and received the income on the property from that date. After the first installment became due, the executors filed an account charging themselves with $6,666.67. Exceptions were filed by the other heirs who claimed that the accountants should have charged themselves with interest on the entire $20,000 for three years. The orphans' court sustained the exceptions in part and charged the accountants with three years' interest on the first installment then due, or $900.

"If the intent of the testator with regard to charging interest on the appraisement can be ascertained with reasonable certainty from the will, that intent must control; if we cannot find the intent from that instrument, then, to determine the liability we must adopt the rules of law applied in like or analogous cases": Fleming's Est., 184 Pa. 80, 83, 39 A. 27. The appellants would have us hold that when the testator used the expression "deferred payments," he meant

payments deferred after maturity. We are unable to agree with this contention. The testator, in place of providing for payment for the real estate at the time possession of the property was delivered to them, deferred, put off or postponed, such payment by allowing the devisees three, six and nine years to pay the consideration. Certainly such payments being postponed for three, six and nine years could not be regarded as other than deferred payments. It is true that the devisees might have defaulted and further deferred such payment, but this was not contemplated by the testator. He chose, also, to fix the rate of interest at a less amount than the legal rate and then gave to the devisees the privilege of anticipating the payments. This last privilege would have been meaningless if the installments were not drawing interest before maturity. He assumed that interest would be charged at 4½ per cent from the time they should take the real estate, but to enable the devisees to be relieved from payment of a proportionate amount of the interest required the executors to accept payment before maturity. The testator used the expression, "*said* deferred payments to bear interest at the rate of 4½% per annum." The only deferred payments to which he had referred were those fixed by the terms of the devise. It seems unreasonable to us that we should hold that "said deferred payments" should refer to payments that were not contemplated by the will.

If we have recourse to the rules applicable to like or analogous cases, we will arrive at the same result. If the testator had omitted all reference to the payment of interest, then under the authority of Fleming's Est., supra, the devisees would not have been liable for interest. Express provision, however, was made for payment of interest. Counsel have not referred us to any decision of either of the appellate

courts of Pennsylvania wherein the precise question has been decided. In Goss Printing Press Co. v. Daily States Pub. Co., Ltd., 109 La. 759, 33 So. 760, suit was brought for interest on a note and the question arose, as here, as to whether such interest was to be computed from the date of the note or from maturity. The note having been given in accordance with the terms of a contract, which was more specific, and that contract having provided that "all deferred payments to bear interest at six per cent per annum," the court there held: "The text of the contracts could only refer to interest preceding maturity, and not to interest accruing after maturity......It covers interest prior not subsequent to maturity." Mr. Justice SIMP-SON in the case of First National Bank v. Bosler, 297 Pa. 353, 147 A. 74, refers with approval to the reasoning employed in the Goss case. While in the Bosler case the instrument referred to "deferred payments that are to bear interest from maturity," he supported the conclusion of the court by quoting from the Goss case and adopting the definition of deferred payments as there given.

We are all of the opinion not only that the will itself points with reasonable certainty to the construction adopted by the court below, but that the conclusion is supported as well by analogous cases. We have been unable to find any inconsistency between the result at which we have arrived and that reached in the cases upon which the appellant relies. In Fleming's Est., supra, no provision was made for the payment of interest as there was here, and it is a settled rule that interest is not demandable until money is due, unless the instrument stipulates otherwise. In Minard v. Beans, 64 Pa. 411, an agreement for sale of real estate was dated March 9th and provided for the payment of $1,000 at the signing of the agreement, $5,000 on April 1st, $4,000 on October 1st when vendor was

to deliver a deed, and the balance to remain on mortgage payable in five equal installments of $3,000, beginning October 1st, "together with interest on all monies remaining unpaid." It was held that by the very terms of the contract itself, no provision was made for the payment of interest on the installments due April 1st and October 1st, and that the provision for interest referred specifically to the sums which were to be secured by a mortgage and was payable from the date fixed for delivery of deed. That conclusion was further sustained by the division of amounts and dates fixed for payments to be secured by mortgage. In other cases cited by the appellant legatees were held not entitled to interest although they had a vested estate, because the time had not arrived when the fiduciaries were required to make the payment. As was pointed out by Mr. Justice KEPHART in Mereto's Est., 311 Pa. 374, 379, 166 A. 893, the rule is well settled that interest does not run upon a legacy until it falls due subject to the exception where the law infers an intention to pay interest from the relation in which the testator stands to the legatee.

Decree is affirmed at the cost of the appellant.