## First National Bank of Miami v. Bloom et al.

*Duane, Morris & Heckscher*, and *Hirschwald, Goff & Rubin*, for plaintiff.

*Albert L. Moise*, for defendants.

PARRY, J., November 22, 1939.—The plaintiff brought suit on three promissory notes, each for $5656.94, averred to have been negotiated to it for value prior to maturity. The notes, all executed by the defendants on September 30, 1925, matured at the end of one, two and three years respectively but were otherwise identical. They are payable to the order of Crow-Reeder Company and provide first that in case of suit thereon the makers will "pay reasonable attorneys' fees for making such collection" and

second, "deferred interest payments to bear interest from maturity at 8% per annum semi-annually".

The defendants contend both these provisions render the notes non-negotiable and seek to avail themselves of a defense they claim to have against Crow-Reeder Company. The Trial Judge, hearing the case without a jury, found for the plaintiff in the full amount of the notes plus interest.

The Negotiable Instruments Law of May 16, 1901, P. L. 194, sec. 2, para. 5, provides that a note is for a sum certain within the meaning of the Act although it is to be paid "With costs of collection or an attorney's fee, in case payment shall not be made at maturity", and in other jurisdictions this has been held to include stipulations for payment of "reasonable" attorneys' fees. The exact question does not appear to have been decided in Pennsylvania but in Philadelphia National Bank v. Buchman et al., 314 Pa. 343, the Supreme Court held promises to pay not only a 10% attorneys' fee but also "all legal costs, and expenses of collection," to be within the statute and no impediment to negotiation. In our opinion a "reasonable" attorney's fee is likewise covered by the statute.

The defendants argue that the phrase "deferred interest payments to bear interest from maturity at 8% per annum semi-annually" presents an ambiguity as it is impossible to determine whether maturity of the principal or of an installment of interest is intended; but this is disposed of by the decision of Mr. Justice Roberts in Burns Mortgage Co. v. Fried, 292 U. S. 487, 497, construing the same language and holding that "The word 'maturity' seems obviously to refer to the due dates of interest and not to the date for payment of principal." The same opinion distinguishes the case of First National Bank of Miami v. Bosler et al., 297 Pa. 353, cited by the defendants, where the omission of the word "interest" between "deferred" and "payments" resulted in an uncertainty as to the rate of interest payable on over due principal.

It is rather uncertainly suggested in the pleadings and in these exceptions that the notes were not negotiated prior to maturity and depositions on the matter were offered in evidence. However, any such issue of fact was resolved by the finding of the Trial Judge, which we think is fully sustained by the evidence and warrants no further consideration.

Accordingly the exceptions to the findings of the Trial Judge are dismissed and judgment is hereby entered for the plaintiff in the sum of $41,984.79 with interest thereon at 6% from March 7, 1939.