# Page's Appeal.    Burd's Estate.

1. A bequest was "to my god-daughter Margaret B. Page $2000, to be paid to her by my executors when she attains twenty-one years, but if she die in her minority the same is to fall into the residue of my estate. *Held* to be a vested legacy on which interest would not run until the time of payment.

2. When a bequest of a sum of money is made, and time of payment fixed, that determines the precise sum to be paid at the time fixed: except where the law infers an intention to pay interest, from the relation of the testator to the legatee.

3. This inference does not arise from the relation of god-mother and god-daughter.

4. Where a trustee or executors are put in charge of a special fund for a legatee to manage for his benefit, his right to the product of the fund may be inferred from so setting it apart for him.

5. Cooper *v.* Scott, 12 P. F. Smith 139 ; Laporte *v.* Bishop, 11 Harris 152, distinguished.

February — 1872.   Before AGNEW, SHARSWOOD and WILLIAMS, JJ.   THOMPSON, C. J., at Nisi Prius.

Appeal from the Orphans' Court of *Philadelphia*: No. 216, to January Term 1871.   In the estate of Eliza H. Burd, deceased.

On the 28th of May 1870, Margaret Burd Page presented her petition to the Orphans' Court, setting forth that Eliza Howard Burd, by her will dated September 20th 1853, and codicil dated

[Page's Appeal.]

December 6th 1859, proved April 11th 1850, amongst other things bequeathed as follows: " I give and bequeath unto my god-daughter Margaret Burd Page, daughter of Dr. William Burd Page, the sum of two thousand dollars, to be paid to her by my executors, when she attains the age of twenty-one years, but if she dies in her minority, the same is to fall into the residue of my estate." * *

" I devise and bequeath to the rector, churchwardens and vestrymen of St. Stephen's church in the city of Philadelphia, all the two-tenths of the residuary estate left me by my late beloved husband, and all the rest, residue and remainder of my property and estate, real, personal and mixed, and wherever situated, not otherwise disposed of in my will and codicils, in trust, to establish an asylum," &c. ; that the petitioner had attained the age of 21 years and, as she was advised, was entitled to receive the legacy of $2000 with interest since one year from the death of the testatrix ; the prayer was that after notice to the executors, residuary legatees and other persons interested, the court would make a decree for the payment of the legacy.

The testatrix died in April 1860.

Eli K. Price, Joseph B. Townsend and Edward Shippen, the surviving executors, &c., answered :—

" These respondents admitting the gift and bequest of the legacy of $2000 to the petitioner, in and by the will of said testatrix, in the terms and with the provisions in the petition recited and quoted; and admitting that they have retained adequate funds, in their hands, of the estate of said testatrix for the payment of said legacy (after deducting the collateral inheritance tax of five per cent.), and the interest thereon, if interest is by law payable to her—respectfully submit the question whether the said petitioner is entitled to any interest, and if so, how much," &c.

The Orphans' Court decreed : " That there be paid the petitioner the sum of $2000 (less the collateral inheritance tax), but that the interest since the death of the testatrix on said sum, claimed by the petitioner, be paid to the residuary legatees."

The petitioner appealed to the Supreme Court, and assigned the decree for error.

*S. D. Page*, for appellant.—The legacy was separated from the bulk of the estate and payable to the trustees for the trust, and has been at interest; they were testamentary guardians of petitioner : Laporte *v.* Bishop, 11 Harris 152 ; Cooper *v.* Scott, 12 P. F. Smith 139 ; Kerr *v.* Bosler, Id. 183.   The legacy *vested* in the appellant the moment the will took effect: Patterson *v.* Hawthorn, 12 S. & R. 112 ; Hawkins on Wills 226, 240, 254 ; Reed *v.* Buckley, 5 W. & S. 517 ; Bowman's Appeal, 10 Casey 19 ; Lister *v.* Bradley, 1 Hare 10 ; Horne *v.* Pillows, 2 Mylne & K. 15.   The gift over is of the identical sum of two thou-

[Page's Appeal.]

sand dollars; it does not extend to anything more than the estate existing at the death of the testatrix; for the profits which arose afterward were a different thing: Lefevre's Appeal, 6 S. & R. 556; Mifflin v. Neal, Id. 461. The testatrix placed herself *in loco parentis*, interest was therefore to be allowed during the minority of the legatee: Magoffin v. Patton, 4 R. 113; Corbin v. Wilson, 2 Ashmead 178; Seibert's Appeal, 7 Harris 49; Clark v. Wallace, 12 Wright 80; Bitzer v. Hahn, 14 S. & R. 237; Harvey v. Harvey, 2 P. Wms. 21; Crickett v. Dolby, 3 Ves. 10; Acherly v. Vernon, cited in 1 Id. 497; Bowman's Appeal, 10 Casey 19.

*L. C. Cleeman*, for appellees.—A legacy payable at a future day, whether vested or contingent, does not carry interest, with one exception, viz.: that where the testator is *in loco parentis* to the legatee: Wms. on Executors 1283; Roper on Legacies 1253; Tyrrell v. Tyrrell, 4 Ves. 1; Festing v. Allen, 5 Hare 577; Rouse's Estate, 9 Id. 653; Donovan v. Needham, 9 Beavan 164, 167; Allhusen v. Whittell, 4 Equity Cases 295; Dawes v. Swan, 4 Mass. 208; Magoffin v. Patton, 4 Rawle 119; Seibert's Appeal, 7 Harris 52; Leech's Appeal, 8 Wright 140; Laporte v. Bishop, 11 Harris 152; Cooper v. Scott, 12 P. F. Smith 139; Kerr v. Bosler, Id. 183.

The opinion of the court was delivered, February 26th 1872, by
AGNEW, J.—Mrs. Eliza H. Burd bequeathed to her god-daughter, Margaret B. Page, $2000, " to be paid to her by my executors, when she attains the age of 21 years, but if she dies in her minority, the same is to fall into the residue of my estate." This is a vested legacy, but the time of payment is deferred until the legatee shall arrive at age. In such a case the rule is well settled, that interest does not run upon the legacy until it falls due: Leech's Appeal, 8 Wright 140; Kerr v. Bosler, 12 P. F. Smith 183. The 47th section of the Act of 24th February 1834, requiring the executors after one year has elapsed, to pay and deliver legacies under the direction of the Orphans' Court, affords no countenance to the running of interest after the expiration of the year; for it expressly says, " all such legacies as are *due* and *payable* by them." When a testator bequeaths a sum of money and fixes the time of payment, he determines by that act the precise sum to be paid at the time fixed by him. The only exception to this rule is where the law infers an intention to pay interest from the relation in which the testator stands to the legatee. It is contended here that Mrs. Burd was *in loco parentis* to Miss Page, because she stood as god-mother to her at baptism, and calls her god-daughter in her will. But this is a spiritual relation merely, arising from a religious rite, and has no relation whatever

[Page's Appeal.]

to maintenance on one side, or destitution and dependence on the other. Mrs. Burd never stood in any sense of law or fact *in loco parentis* to her god-daughter. Payment of interest was not needed for support, or by reason of any cause which would bring the legacy within the exception. Nor were the executors trustees of the legacy in that peculiar sense which made them depositaries of a fund specially set apart for Miss Page, and placed in their hands for investment for her. The case, therefore, does not fall within the principles stated in Laporte *v.* Bishop, 11 Harris 152, and Cooper *v.* Scott, 12 P. F. Smith 139. Where a trustee is appointed for a special fund, or the executors are put in special charge of it for the legatee, to take care of and manage it for his benefit, his right to the product of the fund is an inference, or at least it may be, from a presumed intent of the testator in thus setting it apart for him. Nothing of that kind appears in this case. The decree of the Orphans' Court is therefore affirmed with costs to be paid by the appellant.