## ESTATE OF ELIZA YOST, DECEASED.

APPEAL BY THE PROVIDENT, ETC. CO., GUARDIAN, FROM THE ORPHANS' COURT OF CHESTER COUNTY.

Argued February 12, 1890—Decided May 5, 1890.
[To be reported.]

1. When a testator gives to one, towards whom he does not stand in loco parentis, a legacy vested but payable at a future day, the question whether the legatee is entitled to interest accruing upon the legacy before the date fixed for payment, depends upon the testator's intent to be gathered from the whole will.

(a) A testatrix, giving to each of the children of another a legacy of a certain sum to be paid to them respectively on arriving at full age, the share of any dying without issue during minority to go to the survivors, directed a sale of all her property as soon as convenient after her decease, and bequeathed the residuum to a charity:

2. In such case, time having been annexed to the payment over to the legatees, and not to the gifts of the legacies, it was apparent that the testatrix intended that the legacies to the children should vest, and there was nothing in the will to prevent the immediate vesting of the same in the legatees.

Statement of Facts.

3. Wherefore, as the will indicated no purpose to keep the estate unsettled for the benefit of the residuary legatee, but the contrary, and expressed no clear intent to give to the residuary legatee the earnings of the legacies to the children, during their minority, the latter were entitled to such earnings.

4. In such case, the executor of the will, upon fully discharging his duties as executor, became a testamentary trustee to invest the money for the minor legatees, and must account as trustee to their guardian, or; if there be none, to themselves at their majority, for the income earned thereby.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 143 January Term 1890, Sup. Ct.; court below, number and term not given.

On April 29, 1889, the account of Milton Latshaw, executor of the will of Eliza Yost deceased, exhibiting a balance for distribution amounting to $26,101.32, was confirmed by the court below, and *Mr. E. D. Bingham* was appointed auditor to make distribution. The balance for distribution was increased before the auditor, by a surcharge made at the request of the accountant, to $30,101.32.

The following facts were found by the auditor:

Eliza Yost died on November 20, 1887, unmarried, leaving a will dated August 18, 1887, and a codicil thereto, dated October 5, 1887, which were duly admitted to probate on December 13, 1887. The will, after making certain bequests which were to be paid "to the respective parties out of the first money that shall come into the hands of my executor, hereinafter named, from any part of my estate, either personal or real or both, and to be paid in one year or sooner from date of my decease," provided:

"I bequeath unto each of Levi B. Shengle and his wife Margaret Shengle's children, living at the time of my decease and those to be born unto them after my decease, the sum of one thousand dollars, to be paid to them, respectively, on arriving at the age of twenty-one years, and in case either of them die before attaining the age of twenty-one years and without lawful issue, then I direct the share of him or her so dying be given to the survivor or survivors of them, share and share alike. If Susanna Finkbiner shall survive me, she is, if she

Statement of Facts.

so desires, to have the use of the farm house, farm, stock and farming implements for and during her natural life, free of rent, she to receive the income thereof. . . . . . All my real estate and stocks, except the farm stock and farming utensils aforementioned, are to be sold by my executor hereinafter named at public sale, for the highest price that can be gotten for the same, and to be sold as soon after my decease as conveniently may be. And I do hereby vest in my executor, hereinafter named, the power to sign, seal, execute, acknowledge, all such deed or deeds of conveyance as may be requisite and necessary for the granting and assuring the same to the purchaser or purchasers of the real estate so sold. . . . .

"And as to all the rest, residue and remainder of my estate, real, personal or mixed, of whatever nature or kind, or wheresoever situate at the time of my decease, I do hereby give, devise and bequeath unto the Evangelical Lutheran Ministerium of Pennsylvania and adjacent states, to be divided as follows : . . . . .

"And lastly, I do make, constitute and appoint Milton Latshaw, of the borough of Spring City, Chester county, and state of Pennsylvania, to be executor of this my last will and testament. . . . ."

By the codicil to the will, the devise of the farm to Susanna Finkbiner was revoked, and other property given to her in lieu thereof. The codicil provided further as follows :

"I give and bequeath unto each of David S. Taylor's children, and to each of Levi B. Shengle's and his wife Margaret Shengle's children, as mentioned in the will above recited, the sum of five hundred dollars, in addition to the sum mentioned in said will, and I do hereby ratify and confirm my said will in all other respects."

The fund for distribution was the proceeds of real and personal estate sold under the power in the will. Of the children of Levi B. and Margaret Shengle, there were three living, to wit: Mary I. Shengle, who was of age, and Martha D. and John C., who were in their minority, and the Provident Life and Trust Company, of Philadelphia, was the guardian of their estates.

Upon the facts so found, the auditor reported his opinion, respecting the rights of the Shengle children, under the will and codicil, as follows:

Most of the questions necessary to be disposed of by your auditor at this distribution are settled by Page's App., 71 Pa. 402. These are vested legacies, but the time of payment is deferred until the legatees shall arrive at age.

Mary I. Shengle, being of full age, is entitled to payment of the bequest to her of $1,000, with the legacy of $500 in the codicil; and she is awarded these amounts, less the tax, or $1,425.

The legacies in the will to the other two children are clearly not payable until they arrive at age; and, as the testatrix did not stand to them in loco parentis, nor is a fund specially set aside for them in the hands of the executor, interest does not run until the legacies fall due.¹ The accumulations must, however, go somewhere, and the only place for them to go under this state of affairs is to the residuary legatee: Aubert's App., 119 Pa. 48. It is, however, contended on the part of the guardian that even if this be true as to the bequest in the will itself, it does not apply to the codicil. . . . .

In this codicil, so far from there being any evidence to the contrary, the words, " as mentioned in said will," seem to qualify the nature of the bequest as fully as the persons of the legatees; and a fair construction of the whole clause shows that this additional gift should have the incidents of the original. It expressly provides that they are to have " the sum of five hundred dollars, in addition to the sum mentioned in said will." METCALF, J., in Tilden v. Tilden, 13 Gray 103, cited in 1 Williams on Exrs., 9, note (q), says: " It is an established prima facie rule of construction that an additional legacy given by a codicil is attended by the same incidents and qualities as the original legacy." The same doctrine is laid down in Hawkins on Wills, 306, and cases there cited, and the rule is said to apply where the original bequest is to the legatee if he attains a certain age.

The auditor, therefore, distributes the sum of $2,850, being the legacies to the two Shengle minors, less tax, to the executor; the interest on said sum to be paid to the residuary legatee, and one half of the. principal to be paid respectively to Martha D. Shengle and John C. Shengle, as each shall arrive at age.

—The auditor accordingly reported a schedule of distribu-

tion by which the sum of $1,425 was awarded " to Milton Lat-
shaw, executor, interest to be paid to the Evangelical Lutheran
Ministerium of Pennsylvania and adjacent states ; principal to
Martha D. Shengle, when twenty-one years of age ; " and the
like sum was awarded in a similar manner, except that the
principal was directed to be paid to John C. Shengle when
twenty-one years of age.

The Provident etc. Company, guardian of Martha D. and
John C. Shengle, filed exceptions to the report, alleging that
the auditor erred : In holding that the additional legacies given
to the Shengle minors by the codicil were not payable until
their arrival at the age of twenty-one years ; [1] in not holding
that said legacies were presently payable to the guardian of
the legatees ; [2] and in awarding the interest upon the legacies
given to said minors by the will and codicil to the residuary
legatee, instead of to the guardian of the minors.[3]

After argument, the court, WADDELL, P. J., dismissed the
exceptions and confirmed the report, filing the following opin-
ion :

The rule is well established that a legacy does not carry
interest until the time of payment arrives.   This is established
by many cases: Bitzer v. Hahn, 14 S. & R. 238 ; Magoffin v.
Patton, 4 R. 119 ; Laporte v. Bishop, 23 Pa. 154 ; Leech's
App., 44 Pa. 140 ; Kerr v. Bosler, 62 Pa. 186 ; Page's App.,
71 Pa. 402.   It will be seen that while the auditor rules upon
Page's Appeal, it is only one of many cases.   They all lead
down to the principles announced in that case.

In fact, we understand, the exceptants concede this doctrine,
but they contend the auditor has erred in holding that the time
of payment of the legacies to the Shengle children was when
they respectively attained the age of twenty-one years.   They
think when the testatrix said, " I bequeath unto each of Levi
B. Shengle and his wife Margaret Shengle's children . . . . the
sum of one thousand dollars, to be paid to them respectively
on arriving at the age of twenty-one years, and in case either
of them die before attaining " that age, then over, she means
that the time of payment is referable to the period of distribu-
tion, which is presently or at most a year after the death ; and
that the executor, as trustee, or testamentary guardian of the

minors, is to hold it for their use until they attain the age designated.

In order to regard the executor as a trustee of the fund or testamentary guardian of the minor legatee, there must be some indication in the will that the testatrix intended to constitute the executor a trustee or testamentary guardian, aside from his position as executor. If there is such an intention manifest, the executor will hold the fund as trustee for the use and benefit of the legatee, but the mere giving of a legacy, with directions to pay it at a future day, without more, will not create such a trusteeship. There must be "a manifest placing of the fund under the care of the executor, for the use of the legatee. If he does so hold it, then the legatee would be entitled to the interest on the legacy:" Laporte v. Bishop, 23 Pa. 154; Cooper v. Scott, 62 Pa. 142; Page's App., 71 Pa. 405. But there is no such intention manifest in this bequest. It is merely a giving of so much money to the legatee, to be paid when the legatee arrives at the age of twenty-one years, without the testatrix placing herself "in loco parentis," or anything appearing to show that the interest on the fund was intended or was necessary for the support of the minor legatee. In the absence of such a trust, either express or implied, and the testatrix having directed that the legacy shall be paid to the respective legatees upon their arrival at the age of twenty-one years, without holding the position of a parent toward them, or anything in the case to show that the interest on the fund was necessary for their support, we think the auditor was right in holding that the minor legatees were not entitled to interest on the legacies during their minority.

He further holds that the residuary legatee is entitled to the interest on these legacies, until the time arrives for their payment. To this the exceptant objects.

The auditor follows the ruling in Kerr v. Bosler, 62 Pa. 186. Such a ruling is not governed by the fact that, upon the death of the legatee before arriving at twenty-one years, the legacy goes over to the residuary legatee by the terms of the will, but because the accumulation of interest, not being disposed of specifically, and not belonging to the legatee, but being a part of the testator's estate, it falls naturally and necessarily into the residue. The principal of the legacy is held by the ex-

ecutor as undistributed estate of the testatrix, and all that is made out of it belongs to the estate: Kerr v. Bosler, supra. By bequeathing a certain sum and fixing a time for its payment, she determines the precise sum to be paid at the time fixed: Page's Appeal, supra.

We have read the report of the auditor with pleasure, and desire to say it shows he has examined the questions presented for his consideration with much care and research, and we agree with him in all his conclusions. We must therefore dismiss the exceptions and confirm his report.

· —Thereupon the exceptant took this appeal, assigning for error:

1–3. The dismissal of the exceptions to the auditor's report.[1 to 3]

*Mr. Joseph B. Townsend* (with him *Mr. R. T. Cornwell*), for the appellant:

1. The legacies in this case were to a class without naming the individuals, and there is nothing to indicate any intention to discriminate between them; and yet, as one of the legatees is of age and has been awarded her legacy, there will be a discrimination if the decree is sustained. The deferring of payment until majority does not alter the character of the legacies as vested interests, nor is this affected by their liability to be divested by death under twenty-one years of age. The will attaches to them some of the attributes of ownership, for, in the event of such death, the issue of the minor so dying, if any, is substituted to the gift by an implication well recognized in the law, and if there be no issue, it accrues to the survivors of the class. There is no limitation over to the residuary legatee, and the legacies can in no event go there.

2. In such circumstances the postponement not being for the benefit of the residuary legatee, or other person, but relating solely to the circumstances and condition of the legatee, the legacy would become presently payable on the death of the legatee before the time fixed for payment: Bowman's App., 34 Pa. 19; Jacobs v. Bull, 1 W. 370. But, reading the will and codicil together, it is clear that the testatrix intended the whole estate to be distributed at once, and, by the provision respecting the time of payment, meant no more than that the

legacies should not be paid over into the hands of the minors during their minority, but‚ should be held by the executor, in the character of trustee or testamentary guardian, for their use: Laporte v. Bishop, 23 Pa. 152; Cooper v. Scott, 62 Pa. 139.

3. Accordingly, the legatees are entitled to the income accruing upon the legacies from the date of distribution, and if they should die before attaining full age, their personal representatives would be entitled to the interest accruing in their lifetime: Bitzer v. Hahn, 14 S. & R. 232; 2 Williams on Exrs., 5th Am. ed., 1288, 1290; Nicholls v. Osborn, 2 P. Wms. 419; Chaworth v. Hooper, 1 Bro. C. C. *82; Hawkins v. Combe, 1 Bro. C. C. *335; Skey v. Bames, 3 Mer. 345; Taylor v. Johnson, 2 P. Wms. 504; Acherly v. Wheeler, 1 P. Wms. 783; 2 Redfield on Wills, 564–573. It is a total misapprehension of Aubert's App., 119 Pa. 48, to suppose that it supports the proposition that the interest on this legacy must fall into the residue. Page's App., 71 Pa. 402, on which the auditor relied, is essentially different in its facts.

*Mr. William H. Staake*, for the appellee:

1. There seems to be no doubt that the will and the codicil are to be construed together as constituting the entire testamentary act: 4 Kent Com., *531; Hatcher v. Hatcher, 80 Va. 173; and authorities cited by the auditor. Therefore, the additional legacy given by the codicil cannot stand on a different footing from the bequest of $1,000 in the will. There is nothing in the will to support the conclusion that there was an intention to make the executor a testamentary trustee for the legatees. As the testatrix did not stand in loco parentis to these minors, the case is not an exception to the rule that the legacy bears interest in their favor only from the time fixed for its payment: Page's App., 71 Pa. 402.

2. Page's Appeal is in many respects exactly like this case. The cases cited by the appellant, however, differ from it in the testamentary provisions considered, and the contingent character of the legacies distinguishes this case from the numerous English authorities cited: 2 Williams on Exrs., *1290; Heath v. Perry, 3 Atk. 101. As the accumulations on the legacies, before the principal becomes payable, must go somewhere, the residu-

Opinion of the Court.

ary legatee is entitled to them: Aubert's App., 119 Pa. 48; Kerr v. Bosler, 62 Pa. 186. Moreover, the language of the will exhibits an apparent intention to that effect.

OPINION, MR. JUSTICE WILLIAMS:

Eliza Yost died on November 20, 1887. She provided by her will for the payment of pecuniary legacies to several of her relatives, and, to enable her executor to pay them, she directed that her real and personal estate should be sold at public sale as soon after her death as it could conveniently be done. Among the legacies was one to the children of Levi B. Shengle and his wife, Margaret, of one thousand dollars each. Following the words of gift was a direction that the money should be "paid to them, respectively, on arriving at the age of twenty-one years." In case of the death of either before reaching full age, the share of the one so dying without leaving lawful issue was to go to the survivors. By a codicil, an additional sum of five hundred dollars was given to each of the children of the said Levi B. and Margaret Shengle. The residue of the estate was given to the Lutheran Ministerium, which is made the residuary legatee. The executor converted the estate into money as directed, and settled his account, showing a fund in his hands for distribution under the will of $30,101.32. His account was confirmed on April 29, 1889, and an auditor appointed to make distribution. Two of the children of Levi and Margaret Shengle are yet minors, and the question now raised is over the interest on the money set apart to pay them their legacies, amounting, after the payment of the collateral inheritance tax, to $1,425 each.

The gift of the legacy is independent of the direction in regard to the time of payment to the legatees, and for that reason it is apparent that the testator intended that the legacies should vest. If the gift had been conditional upon the legatees reaching a given age, it would have been contingent: Moore v. Smith, 9 W. 403. But time was annexed to the payment over to the legatee, not to the legacy, and there is nothing to prevent the immediate vesting of the gift: Cooper v. Scott, 62 Pa. 139. In all cases where a vested legacy is given by a testator to one towards whom he stands in loco parentis, interest will be allowed in aid of maintenance, although the legacy is in terms payable

at a future day: Bowman's App., 34 Pa. 19. Accruing interest must go to the beneficiary under the particular legacy, or to the residuary legatee, and the duty of maintenance growing out of the relation is itself sufficient to raise a presumption of intention in favor of the beneficiary. If the testator does not stand in loco parentis towards the legatee, the question of his intent in regard to the payment of interest must be gathered from the whole will: Bitzer v. Hahn, 14 S. & R. 232.

The will of Eliza Yost imposes upon her executor the duty of settling her estate, and afterwards of acting as trustee for her legatees. After he had fully discharged his duties as executor, he held the legacies given to the Shengle children as their trustee, and is liable to them as such: Jacobs v. Bull, 1 W. 370. The estate being settled, the residue was properly payable to the residuary legatee, and when paid the duties of the executor were at an end. Thenceforward he was the trustee for those whose money remained in his hands, and the guardian of the cestuis que trust could call on him to account for accruing interest. There is nothing in the will to indicate a purpose on the part of the testatrix to keep her estate unsettled for the benefit of her residuary legatees, but, on the other hand, she directs that it be converted into money as soon as it can conveniently be done. This accomplished, the right to distribution follows, and the several legatees in their own right, or by their guardians or trustees, as the case may be, can call upon the executor to pay over the fund. If the executor holds any portion of it for those entitled, he becomes the trustee of such persons, and he must account for interest received to the persons entitled to the principal by which it is earned. He cannot, in the absence of a direction, or words that show a clear intent on the part of the testatrix, be held accountable to one cestui que trust for the body of the legacy, and to another for its earning.

This view of the subject is conclusive of the question before us. The residuary legatee is not entitled to the interest earned by the legacies to the children of Levi and Margaret Shengle since the settlement of the estate of the testatrix, but that goes to the legatees, following the fund that produced it. The guardian of the minors is the proper person to receive it, and if there is no guardian the trustee may be required to account

to the legatees when they reach the age which entitles them to call upon him for payment.

> The decree of the court below is therefore reversed, and the record remitted, that distribution may be made in accordance with this opinion.