## Gunning's Estate (No. 3).

*Wills—Construction—Legacies—Interest.*

1. The rule that a legacy is payable one year after the testator's death only applies in the absence of a direction in the will controlling the general rule established by the courts, or other decisive indication in the instrument, interpreted in the light of the surrounding circumstances, of a different intention on the part of the testator.

2. Testatrix provided as follows: "In event of my death I wish my property, 602 Liberty St., and 5435 Potter St., sold, provided a good price can be gotten for both. My property on Liberty St. should bring one hundred and seventy five thousand dollars, Potter St., not less than five thousand. If they cannot be sold at those figures I wish the property kept a while until a good price can be gotten; in the meantime the taxes, interest, insurance to be paid out of the rentals.... When my property is sold I wish to be given to [certain named individuals certain sums] making in all $58,000." The testatrix died July 18, 1905. The Liberty street property was sold in 1911, by her executor at public sale, in pursuance of an order of the orphans'

court, for $93,000, and the proceeds of the sale were included in the executor's fourth account. The auditing judge found as matter of fact that "it was not possible to sell the real estate at any time since decedent's death for a price approximating the value set upon the Liberty street property. The delay in the sale was caused by the endeavor of the trustee (executor) to get the best possible price for the benefit of the residuary legatees or heirs. There is no evidence of any willful delay or neglèct." *Held*, that it was error to allow interest upon the legacies after the expiration of one year from the death of testatrix.

Argued Oct. 19, 1911. Appeal, No. 143, Oct. T., 1911, by Sarah McConnell, from decree of O. C. Allegheny Co., Feb. T., 1911, No. 133, dismissing exceptions to adjudication in Estate of Anna M. Gunning, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication. Before MILLER, J.

The facts appear in the opinion of the Supreme Court and in Gunning's Est. (Nos. 1, 2), ante, pp. 139, 144.

*Errors assigned* were in dismissing exceptions to adjudication.

*Jesse T. Lazear*, with him *W. A. McConnell, J. C. Boyer, Thomas C. Lazear* and *H. V. Blaxter*, for appellant.— This will shows the intention of the testatrix that the legacies be paid out of the proceeds of the sale of real estate and that the said real estate bring a fixed price, or a good price, before the legatees received any benefit from the estate, and therefore the legacies bore no interest until the sale was effected: Lord v. Lord, L. R. 2 Ch. App. 782; Shum v. Hobbs, 3 Drewry, 93; Holmes v. Crispe, 18 L. J. Eq. 439; Earle v. Bellingham, 24 Beav. 448; Small v. Wing, 5 Brown, P. C. 66; Bernard v. Mountague, 1 Mer. 422; Elwin v. Elwin, 8 Ves. Jr. 547; Dewart's App., 70 Pa. 403; Lewis's Est., 52 Pitts. Leg. L. 367; Ashton v. Wilkinson, 53 N. J. Eq. 227 (30 Atl. Repr. 895; 35 Atl. Repr. 1130); Cannon v. Apperson, 82 Tenn. 553; Kerr v. Bosler,

62 Pa. 183; La Porte v. Bishop, 23 Pa. 152; Leech's App., 44 Pa. 140; Engles's Est., 167 Pa. 463; Page's App., 71 Pa. 402.

*W. H. S. Thomson*, with him *Frank Thomson*, for Grace Greer, appellee.

*W. S. Thomas* and *E. W. Arthur*, for Mazie McCombs et al., appellees.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

The only question raised by this appeal is whether the legacies should bear interest from the expiration of one year after the death of the testatrix. The portion of the will bearing upon this question is as follows: "In event of my death I wish my property, 602 Liberty St., and 5435 Potter St., sold, provided a good price can be gotten for both. My property on Liberty St. should bring one hundred and seventy five thousand dollars, Potter St., not less than five thousand. If they cannot be sold at those figures I wish the property kept awhile until a good price can be gotten; in the meantime the taxes, interest, insurance to be paid out of the rentals. . . . When my property is sold I wish to be given to Mazie McCombs ten thousand dollars . . . . to Nellie Danner ten thousand, &c. . . . . making in all $58,000." The testatrix died July 18, 1905. The Liberty street property was sold in 1911, by her executor at public sale, in pursuance of an order of the orphans' court, for $93,000, and the proceeds of the sale were included in the executor's fourth account. The auditing judge found as matter of fact that "it was not possible to sell the real estate at any time since decedent's death for a price approximating the value set upon the Liberty street property. The delay in the sale was caused by the endeavor of the trustee (executor) to get the best possible price for the benefit of the residuary legatees or heirs. There is no evidence of any willful delay or neglect." Interest upon the legacies of $58,000 was allowed

from the expiration of one year from the death of testatrix, amounting to over $14,000. An exception was filed by an heir at law who had an interest in the balance of the fund. The court dismissed the exception, and that dismissal is here assigned for error.

It is plainly reasonable, and the authorities agree, that a legacy bears interest from the time it is payable under the terms of the will. If the time is not fixed, then interest runs from the expiration of a year from the testator's death. In Page's App., 71 Pa. 402, Mr. Justice AGNEW said, "This is a vested legacy, but the time of payment is deferred until the legatee shall arrive at age. In such a case the rule is well settled, that interest does not run upon the legacy until it falls due: Leech's App., 44 Pa. 140; Kerr v. Bosler, 62 Pa. 183. Section 47 of the Act of February 24, 1834, P. L. 70, requiring the executors after one year has elapsed, to pay and deliver legacies under the direction of the orphans' court, affords no countenance to the running of interest after the expiration of the year. . . . When a testator bequeaths a sum of money and fixes the time of payment, he determines by that act the precise sum to be paid at the time fixed by him. The only exception to this rule is where the law infers an intention to pay interest from the relation in which the testator stands to the legatee." Our Brother BROWN, in Hermann's Est., 220 Pa. 52, quotes with approval (p. 58) the following language from Wheeler v. Ruthven, 74 N. Y. 428: "The rule that a legacy is payable one year after the testator's death only applies in the absence of a direction in the will controlling the general rule established by the courts, or other decisive indication in the instrument, interpreted in the light of the surrounding circumstances of a different intention on the part of the testator." An extract from the opinion of Judge OVER, in Lewis's Est., 52 Pitts. Leg. J. 367, fits closely the facts of the present case. He there said, "The testator knew that it would be necessary to sell his real estate before there would be any funds which could be applied to the payment of the legacies; his

provisions for his daughter Florence, indicate that he anticipated there would be delay in selling it, and his intention seems to have been that the legacies should not become due and payable until the fund realized from the conversion of his real estate could be distributed. It follows, therefore, that no interest is to be allowed on these legacies." So here, the testatrix knew that the legacies could not be paid until the real estate was sold. She placed a high valuation upon the property, and said if it could not be sold at that figure, it was to be kept awhile, until a good price could be obtained. Then she goes on to say, "When my property is sold, I wish to be given," etc. Until that time arrived, after some delay if need be, no part of the legacies was to be paid, nor could it be, for the fund from which they were payable was the proceeds of the real estate. The time fixed for payment of the legacies was "when" the property was sold. It follows that no interest should have been allowed upon these legacies.

The assignments of error are sustained, and it is ordered that the decree of distribution be modified in so far as it allows interest upon the preferential legacies mentioned in the will.