# Knox's Estate.

*Wills—Trusts and trustees—Income on bequest pending time of payment.*

Where testator devises a sum stated to a granddaughter to be paid by his trustees when she reaches the age of twenty-five years, then places the balance of his estate, after certain bequests, in trust, and afterwards in his will directs his trustees to pay the sum stated to his granddaughter when she reaches the age of

twenty-five years, but gives the entire income from the trust fund to other persons, the daughter is not entitled to the income from the sum bequeathed to her prior to her attaining the specified age.

Argued October 16, 1923.   Appeal, No. 151, Oct. T., 1923, by the Colonial Trust Company, Guardian ad litem of Kathleen Knox, a minor, from decree of O. C. Allegheny Co., Dec. T., 1922, No. 240, dismissing exceptions to adjudication, in estate of Philander C. Knox, deceased.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Exceptions to adjudication of MILLER, P. J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed.   Colonial Trust Co., guardian ad litem of Kathleen Knox, a minor, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Charles Alvin Jones,* with him *Sterrett & Acheson,* for appellant.

*William F. Knox,* of *Moorhead & Knox,* with him *Warren F. Martin,* for appellees.

PER CURIAM, January 7, 1924:

The only question in this appeal is whether or not, under the terms of the last will of Senator Philander C. Knox, deceased, the income from a fund placed in trust for his minor granddaughter, Kathleen Knox, is presently payable to her.

In the first paragraph of his will testator provided: "I give, devise and bequeath to my granddaughter Kathleen Knox, daughter of my son Hugh S. Knox, the sum of Fifty Thousand Dollars, ($50,000.00) when at the time she shall have reached the age of 25 years, to be paid to her by my trustees as hereinafter provided."   After making other bequests, testator placed

the residue of his estate in trust, and provided in detail for the distribution of the income thereof, then, in paragraph 23, he directed his trustees "to pay to my granddaughter, Kathleen Knox, daughter of my son, Hugh S. Knox, out of the principal of the trust fund hereinbefore created the sum of Fifty Thousand Dollars ($50,000.00) hereinbefore bequeathed to her, when and at the time she shall have reached the age of twenty-five years."

An examination of the entire will, with particular reference to the above-quoted portions, leads inevitably to the conclusion that the testator did not intend the income on his granddaughter's legacy to accrue for her benefit pending payment of the principal. We agree with the learned court below that, "No language in the will, directly or indirectly, says, or infers, that the income of this fund shall be paid to the granddaughter Kathleen now and during her minority; on the contrary, the intention is clearly expressed that the fund is a part of the trust corpus under the control of the trustees; that it shall be paid out of the corpus of the trust fund when the time arrives, to wit, when she becomes twenty-five years of age; testator excludes any intention to charge this fund with interest or the income therefrom presently accruing [that is, accruing prior to the granddaughter's twenty-fifth birthday], since he devises the entire income of the entire trust fund to other persons."

Finally, there is no merit in the contention of appellant that the testator by his will intended to place himself in loco parentis to Kathleen Knox, and thus assume the duty of maintaining her; as stated in the opinion of the orphans' court, "There is nothing in the testimony nor in the will which establishes a loco parentis relationship."

The decree is affirmed; costs to be paid by the estate.