Vogt's Estate.

254

*Henry Arronson,* for exceptant; *Theodore S. Paul,* contra.

GEST, J., Nov. 2, 1928.—The ordinary rule governing the allowance of interest upon pecuniary legacies is that the interest runs only from the time that the legacies are due and demandable, and as it is obviously necessary that a reasonable time should be allowed an executor for the settlement of the estate, this time was fixed in the earlier statutes as one year from the testator's death, section 7 of the Act of March 21, 1772, 1 Sm. Laws, 385, re-enacted substantially in section 51 of the Act of Feb. 24, 1834, P. L. 83. The effect of this legislation was to supply a testamentary intent where none is expressed in the will, Huston's Appeal, 9 Watts, 472; Phillips's Estate, 133 Pa. 426; Koon's Appeal, 113 Pa. 621. A further testamentary intent was supplied by the decisions allowing interest from the testator's death when the legacy was given by a parent to a child or to a minor, where the testator stood *in loco parentis,* by way of maintenance, or to a widow in lieu of dower, where no other means of support was provided, etc.

Section 21 of the Fiduciaries Act of 1917, P. L. 447, shortened the time to six months and provided in general terms: "That where a pecuniary legacy is bequeathed to or for the use of the widow of the testator or any child or descendant of the testator, or any person toward whom the testator in his lifetime stood *in loco parentis*, or for the maintenance of any person, interest shall, *unless a contrary intention appear by the will*, begin to run from the date of the death of the testator;" so that widows are entitled whether or not other support is provided, and not merely children, but all descendants are entitled, irrespective of any provision for maintenance. The clear and positive provisions of section 21 of the Fiduciaries Act eliminate many questions which formerly arose, as in cases where legacies were bequeathed to grandchildren or remoter issue, or to children who had reached majority (as in the present case), or where no necessity for maintenance appeared, or where the testator made other provision for maintenance, or the like; see Williams on Executors (11th ed.), 1159. In short, this section of the Fiduciaries Act supplies a general testamentary intention which can only be overcome by the words of the will itself.

In the present case, the legacies are given out of the two-thirds of the residue remaining after the gift to the widow of one-third thereof, but "only in the event that all monies due and owing to me shall have been fully collected by my executrix." This legacy, it is true, is conditional, and in the case of an ordinary legacy interest would begin to run only when the executrix had fully collected all the monies due. But as the legacies are given to children, and the will is silent concerning interest, it cannot be said that the "contrary intention appears by the will." Gunning's Estate, No. 3, 234 Pa. 148, pressed on us at the argument, is readily distinguishable. In that case the legacies were to be paid when the testator's real estate was sold, and the Supreme Court allowed interest only from that time, but in Gunning's Estate the legacies were not bequeathed to children (for we ascertain from the record that the testatrix died without issue), and, besides, the case arose before the Fiduciaries Act. It does not, therefore, rule the present case.

The mere fact that the legacies are given conditionally is not, in our opinion, sufficient in itself to take the case out of the proviso in the statute. Interest on a legacy is allowed for either of two reasons; first, by way of compensation or damages for the non-payment of the legacy after it is due, when the legatee becomes, as it were, a creditor of the estate, Langendorfer's Estate, 8 Dist. R. 273; or, secondly, where the interest results from the relationship of the testator and the legatee in accordance with his presumed intent, and this presumption is expressed in the general language of the statute. But whatever doubt might arise from the conditional character of the legacies in the present case, as indicative of the "contrary intention appearing by the will," is removed by consideration of its further provisions, for the debts due to the testator by his sons were payable with interest, as the testator must have known, and the interest was paid on them at the rate of 6 per cent. If the legatees are denied interest on their legacies, the interest paid on the notes must either be payable to the exceptant, as she claims, or we must hold that the testator died intestate with respect to it. The latter construction is impossible, as the testator plainly intended to dispose of his whole estate, while the former would be inconsistent with the provision made for the widow (the exceptant) in his will, for the testator, in disposing of the residuary estate, gives to the widow only the net income of two-thirds of the principal of the estate after the payment of the pecuniary legacies.

The Auditing Judge, in his adjudication, well said: "The testator does not condition the gifts to the daughters on the time when, but on the fact that, all monies have been collected. Unless that event occurs, the daughters get nothing; but as clearly the testator directs payment to them of their legacies if the event does occur. The will does not disclose that the testator intended that the gifts were to be paid out of any particular monies collected, but out of two-thirds of the residue when all monies due had been gathered in."

Notwithstanding the very thorough argument made in behalf of the exceptant, we are of opinion that the Auditing Judge was correct in his conclusions of law. The exceptions are dismissed and the adjudication is confirmed absolutely.