## Mereto's Estate.

Argued January 17, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. Leo Sutton,* with him *Desmond J. McTighe,* for ap-
pellant.—Testator's intent once ascertained must always
be carried into effect, unless inconsistent with estab-
lished rules of law : Webb v. Hitchins, 105 Pa. 91; Wood
v. Schoen, 216 Pa. 425; Thompson's Est., 229 Pa. 542;
Groninger's Est., 268 Pa. 184; Mulliken v. Earnshaw,
209 Pa. 226.

The testator did not stand in loco parentis to Frank
Brennan: Wier's Est., 307 Pa. 461; Page's App., 71
Pa. 402.

*Francis Thomas Anderson,* with him *Francis Mallon,*
for appellee.—The legacy shall be deemed vested or con-
tingent just as the time (clause) shall appear to have
been annexed to the gift or the payment of it: Patterson
v. Hawthorn, 12 S. & R. 112; Kerr v. Bosler, 62 Pa. 183;
Grothe's Est., 237 Pa. 262; Smith's Est., 226 Pa. 304;
Scott's Est., 301 Pa. 509.

OPINION BY MR. JUSTICE KEPHART, March 20, 1933:

Testatrix, after giving several specific bequests, made
the following disposition of the remainder of her estate:

Paragraph 14: "The residue of my estate, I do hereby give, devise and bequeath unto the Girard Trust Company, of Philadelphia, and my nephew, Frank Brennan, of Philadelphia, in trust for the following purposes." Here follow certain specific legacies. Paragraph 15: "Out of the residue of my estate not hereinbefore disposed of, I bequeath......Twenty-five thousand Dollars [$25,000] unto my nephew, Frank Brennan, to be paid to him in annual payments of Five Thousand Dollars [$5,000] each after he attains the age of Fifty-five [55] years;...... The balance of the residue of my estate shall be held by my Trustees to pay the net income thereof as follows: Three-fourths thereof to my nephew, Frank Brennan, and one-fourth to my grandnephew, Frank Brennan, Jr., for life." Then followed gifts over of the principal.

At the audit of the executors' final account the appellee, Frank Brennan, claimed the $25,000 legacy immediately. The auditing judge awarded it to him, holding that the legacy is a vested one with payment postponed, and that in such a case, under the rule well settled in Pennsylvania (see Shallcross's Est., 200 Pa. 122), as there is no disposition of the income during the interim, and as the legatee is the only party interested in the gift, the legacy is immediately payable to him. The court further stated that since the clause providing "The balance of the residue of my estate shall be held by my Trustees" and one-fourth of the income paid to appellant, follows that in which the legacy is created, the contemplated residue is one from which the legacy has already been deducted. In other words, this fund of $25,000 was at once segregated from the corpus and became payable immediately as no disposition was made of the income therefrom.

As we view the case it is unnecessary to decide at this time whether the bequest is contingent on Frank Brennan's attaining 55 years of age or vested subject to a condition subsequent, for, in either event, the intent of the

testatrix to postpone payment of the legacy may be fulfilled.

The intent as disclosed therein has always been held controlling in construing a will; courts will seek to find that intent within its four corners. Once determined, it will be effectuated unless in contravention of some established rule of law or public policy. Both appellee and the court below admit that the plain intent of the testatrix was to have payment of the legacy to Frank Brennan postponed until the legatee (now 42 years old) reached the age of 55. But they find in the gift an undisposed of income. It is urged that as there is no disposition of income, the legatee is entitled to the whole legacy at once under the rule above stated. The difficulty with this conclusion is that there is nothing in the will, by inference or otherwise, to indicate the slightest intention of testratrix that Frank Brennan should receive the income accruing on the $25,000 until the time the principal payments are to begin. In the lower court's conclusion, testatrix's expressed intent that he should not get the principal until he was 55 years old is defeated by means of an artificial rule of construction superimposed on a distorted view of the facts.

The difficulty in this case, the disposition of income from $25,000, arises from the fact that the testatrix speaks first of "the residue of my estate," then "the residue of my estate not hereinbefore disposed of," and finally, "the balance of the residue of my estate." The disposition of the income which is the basis of appellant's claim follows the third phrase above, while the bequest of $25,000 follows the second. Other bequests immediately payable are made under both the first and second phrases, the legacy in question being the second one in which payment is postponed. We shall show that all the income was disposed of.

Turning to the express provisions of the will, paragraph 14 gives the residue to the trustees. It embraced all of the assets of the estate that were undisposed of

whether these were income bearing or not. The devise of residue had been preceded by many gifts from the general estate. When testatrix disposed of the residue, she created two classes of gifts: one from principal and the other from income. But in no instance is any intention disclosed to make a gift of principal which carries with it income. Paragraphs 4 and 9, containing bequests from the general estate show testatrix knew how to give principal and income. In these paragraphs she created a fund, not from the residue, the income from which was to be paid to designated parties.

In paragraph 14 she gives $75 and $150 a month from the residue to her nephew, Frank Brennan, and his son, Frank Brennan, Jr., respectively, the parties now before the court, but in her effort to protect these gifts, as indicated in paragraph 17, she evidently regarded them as coming from principal or corpus. When in paragraph 14 testatrix gave Frank Brennan, Jr., $10,000 on reaching 35 years of age, she intended the flat sum to be given at that time. No income on that sum was given him nor was it intended that such sum should draw income as a legacy. The same statement may be made as to the $25,000 in dispute. When testatrix spoke of the residue of her estate, she contemplated and spoke in terms of a lump sum principal or corpus, out of which she directed certain payments be made. But little significance may be placed on the arrangement into two articles: they must be read as one. It is indicated that some of these payments are postponed to a future time, but testatrix did not impose on them the status of an income- or interest-bearing legacy. And immediately following are the directions as to the distribution of income from the residue. The bequest of $25,000 is clearly a portion of this residue. To hold that testatrix did not thus intend it to be included up to and until the time fixed for its payment, would be to defeat her obvious and expressed intention. Such a construction implies that she intended this amount to be set aside immediately upon

her death, the income thereon accumulated, and the whole paid in installments to begin at a future date. If we adopted such a construction, we should be increasing the bequest to the legatee when testatrix has fixed the amount at $25,000. Furthermore, such a construction compels the inference of an intent to contravene public policy against restraint of alienation. Such a result is always avoided, if possible; particularly, when no basis exists for such an inference (a contrary intent being expressed) even were the intent capable of effectuation.

In Page's App., 71 Pa. 402, testatrix bequeathed to her goddaughter $2,000, "to be paid to her by my executors, when she attains the age of 21 years, but if she dies in her minority, the same is to fall into the residue of my estate." This court said, at page 404: "This is a vested legacy, but the time of payment is deferred until the legatee shall arrive at age. In such a case the rule is well settled, that interest does not run upon the legacy until it falls due......the only exception to this rule is where the law infers an intention to pay interest from the relation in which the testator stands to the legatee." In the instant case the testatrix did not stand in loco parentis to the legatee; he was 42 years old at her death and was not dependent upon her. Clearly, no rule of construction bestows income on him.

Once it becomes apparent that this sum is a part of the residue, no room for inference as to the disposition of income on any portion of the residue is present, for the testatrix, after making the appointed gifts therefrom, has directed the payment of the income from this lump sum to certain named persons in specified proportions. This determination fits readily into testatrix's scheme for her chief beneficiary: first, her bequest of $50,000; second, her gift of three-fourths of the income from the residue; and third, her gift of principal payments to supplement this income for a period of five years commencing when he attained the age of 55 years. Such a plan is natural, complete and easy of comprehension.

Knox's Est., 279 Pa. 120, is almost parallel, the difference in effect being so slight that it is indistinguishable. See also Kerr v. Bosler, 62 Pa. 183.

Thus, by every rule of construction, it is logical to hold testatrix did not intend Frank Brennan to receive the income on the bequest of $25,000, but that this sum should be held as a part of the residue of her estate and the income therefrom distributed in the manner there set forth, until the time the legacy fell due.

Decree reversed with directions to proceed in accordance with this opinion; costs to be paid from the estate.