## Filbert's Estate

*William H. Loesche, Jr.,* and *C. Leo Sutton,* of *Murdock, Paxson, Kalish & Dilworth,* for exceptants.

*Philip R. Hepburn,* of *Norris, Bell, Lex, Hart & Eldredge,* contra.

HUNTER, J., November 15, 1946.—Testatrix by her will gave two sums of $10,000 each to her trustees in trust to pay the income to a brother and sister, and upon their deaths respectively the principal to testatrix's children or the survivor of them. She appointed her said children executors and trustees.

By informal holographic codicil, executed one day after the date of the will, and addressed to "My dear son and daughter", she disposed of her clothing and jewelry, and provided:

"The ten thousand I gave to my sister Crissie and the ten thousand I gave to my brother Frank at their death I would like given to my grandson but not until he is thirty. Perhaps they will live longer than that."

The brother has died and the question is whether the expression "I would like", used by testatrix, is addressed to the son and daughter in their capacity as executors and trustees and is mandatory upon them, or is precatory merely and a suggestion to the son and daughter as individuals and owners of the remainder interests which they may carry into effect or not at their pleasure.

The codicil, while written informally, shows unmistakably a change in testatrix's intention. It is an immediate revocation of the gift in remainder to the son and daughter because the new gift to the grandson is to take effect at once upon the death of the life tenant. The codicil does not refer to money which had already come into the hands of the son and daughter—

a new remainderman is substituted for those named by the will. The gift to the grandson is wholly inconsistent with the gift to the son and daughter, and is a revocation.

Words of recommendation, request, wish or expectation, addressed to executor and used in respect to the direct disposition of the testator's property are prima facie testamentary and imperative rather than precatory in effect: Hand's Estate, 315 Pa. 238, 349 Pa. 111; Stinson's Estate (No. 1), 232 Pa. 218; Hess' Estate, 30 Dist. R. 366.

As pointed out by the auditing judge, testatrix is disposing of her own property, and the form of the gift is never "you" but "I", indicating that this is a gift not from the son and daughter but from testatrix herself.

The exceptions raise the further question, if the gift is found to be mandatory, whether the grandson is presently entitled to the income of the fund and hence to the immediate payment of principal. He has attained age 28, and the time of payment fixed by the codicil is age 30. The fund is a segregated trust held for the special benefit of the grandson, and carries income earned: Yost's Estate, 134 Pa. 426. It is not part of a residuary trust, with time of payment postponed for the benefit of the residuary legatee, as in Mereto's Estate, 311 Pa. 374. The grandson being the absolute owner of the legacy, both principal and income, is entitled to immediate payment of the principal: Shallcross' Estate, 200 Pa. 122; Allen Estate, 347 Pa. 364.

The adjudication reflects the careful attention which the auditing judge has given to a well-argued case, and reference is made to his discussion and conclusions, all of which we approve.

The exceptions are dismissed and the adjudication is confirmed absolutely.