## Senderowitz' Estate

*Isadore Rapoport*, for accountants.

*Morris Perkin*, guardian ad litem, p. p.

GEARHART, P. J., October 1, 1947.—This is the audit of the first and final account of Morris H. Senderowitz, Joseph Senderowitz and Robert Senderowitz, executors of the estate of Abraham M. Senderowitz, deceased.

Decedent died March 2, 1946, leaving a last will and testament dated February 4, 1946. By the terms of his will, he bequeathed $500 to Hayela Shapiro and $5,000 to various charities in different amounts, enumerating the same. By agreement of all the interested parties, the charitable bequests are to be paid notwithstanding

the fact that testator died within 30 days of the execution of his will.

The fourth item of the will provides: "I give and bequeath unto my granddaughter, Elaine Rapoport, of Jamaica, Long Island, New York, the sum of Ten Thousand ($10,000.00) Dollars to be paid to her absolutely upon her reaching the age of twenty-seven (27)."

In the next paragraph of his will, he disposes of the residuary estate as follows:

"Fifth: All the rest, residue and remainder of my property, real, personal and mixed, and wheresoever situated, I give, devise and bequeath to my Trustees hereinafter named to have and to hold the same in trust, nevertheless, for the following uses and purposes, viz.: . . . to invest, re-invest, and keep the same invested, and to collect, recover, and receive the rents, issues, interest, income and profits thereof, and after deducting the commissions of the Trustees, and all other proper and necessary expenses of the trust:

"(A) To pay the same in monthly installments of equal amount, or as nearly equal installments as possible, to my beloved wife, Rochel Lea Senderowitz, so long as she lives."

After the death of his wife, the trust is to terminate and the principal is distributed amongst the five surviving children, Morris H. Senderowitz, Robert Senderowitz, Joseph Senderowitz, Mrs. Goldie Miller, and Mrs. Anna Fox.

A question has arisen with respect to the bequest to the grandchild, Elaine Rapoport, as to whether or not she is entitled to the income of such sum, or interest thereon at the legal rate, payable from the date of decedent's death until the payment of the legacy. Elaine Rapoport is now aged 19, and is a daughter of a deceased daughter of testator.

The balance on hand for distribution is $166,179.52. Included in this proposed distribution is the sum of

$10,000 eventually payable to Elaine. Morris Perkin, Esq., guardian ad litem for Elaine, objects to this proposed distribution and contends that the $10,000 forms no part of the residuary estate, but should be held separate and apart, and that under section 21 of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of June 24, 1939, P. L. 714, Elaine should receive interest at the legal rate from the date of the death of testator. The accountant contends otherwise, namely, that the $10,000 is part of the residuary estate and only the principal is payable to Elaine when she arrives at the age of 27. He cites in support of his contention Jones' Estate, 314 Pa. 93 (1934), and relies to a lessor extent on Mereto's Estate, 311 Pa. 374, and Knox's Estate, 279 Pa. 120. The facts in Jones' Estate are almost analogous to the facts here, and were it not for the Act of June 24, 1939, amending section 21 of the Fiduciaries Act, there could be no doubt that that case would rule the decision in this. The Act of 1939 amending the Act of 1917, changed the Act of 1917 very materially. The first portion of the amended act follows the 1917 Act very closely by providing, insofar as is material, as follows:

"Legacies, if no time be limited by the will for the payment thereof, shall in all cases be deemed to be due and payable at the expiration of six months from the death of the testator. Unless otherwise provided in the will, on all pecuniary legacies, whether bequeathed directly or in trust, interest at the legal rate or at the rate earned by the particular estate out of which such legacies are payable, whichever shall be less, shall begin to run at the expiration of one year from the death of the testator";

The amendment of 1939 then adds, insofar as is material, the following, which is entirely new and seems to cover the question before us:

"Except that, . . . on all pecuniary legacies payable at a future period or upon contingencies or under

other circumstances by which the payment and satisfaction of such legacies may be postponed or may not take place until a distant period after the death of such testator, interest at such rate, shall begin to run from the time when such legacy becomes payable";

The amendment then concludes with the same proviso which appears in the Act of 1917:

"Provided, That where a pecuniary legacy is bequeathed to or for the use of the widow of the testator, or any child or descendant of the testator, or any person toward whom the testator in his lifetime stood in loco parentis, or for the maintenance of any person, interest at the legal rate shall, unless a contrary intention appear by the will, begin to run from the date of the death of the testator."

Under the original Act of 1917, interest on pecuniary legacies, unless a contrary intention appeared by the will, began to run from the expiration of one year from the death of testator, with the proviso, however, that where the pecuniary legacy is bequeathed to the descendant of testator, interest begins to run from the death of testator, unless a contrary intention appeared by the will.

The decisions in Jones' Estate and Mereto's Estate would seem to indicate that legacies payable at a future date indicate a contrary intention in the will, negativing payment of interest from the date of death. However, at the time these decisions were made, there was no direct reference in the acts of assembly relating to pecuniary legacies payable at a future period or upon contingencies or under circumstances by which the payment and satisfaction of such legacies must be postponed or may not take place until a distant period after the death of such testator. We do not know for a certainty whether, when the legislature enacted the amendatory Act of 1939, they had in mind Jones' Estate and Mereto's Estate, supra, but whether they did

or not, it seems to us the words of the amendatory act completely cover the situation before us. It is reasonable to believe that the inclusion of the reference to payment of interest on legacies payable at a future period was to make it clear that this should not constitute "a contrary intention", if the legatee happened to be a child or descendant of testator. The words "unless a contrary intention appear by the will" appearing in the last portion of the amendment after the word "provided" would be redundant, and meaningless, if they referred to a pecuniary legacy payable at a future period to a child or descendant of testator.

It is reasonably clear that the proviso clause refers to pecuniary legacies payable at a future period to the same extent that it refers to the earlier paragraph dealing with pecuniary legacies bequeathed directly or in trust. The "provided" clause is part of the same sentence dealing with legacies payable in the future. Again, if the "provided" clause was intended only to refer to pecuniary legacies bequeathed directly or in trust, the legislature would have placed it immediately following the words "to run at the expiration of one year from the death of the testator", and immediately before the words "except that". However, this was not done, but new material was inserted beginning with the words "except that . . . on all pecuniary legacies payable at a future period". We think the plain meaning of the amendment of the Act of 1939, among other things, is to treat the widow of testator or any child or descendant of testator entitled to a pecuniary legacy payable in the future, to interest on the legacy from the day of the death of testator in the same manner as interest is payable to them on pecuniary legacies bequeathed directly or in trust. In short, widows and descendants are in a favorite class with respect to pecuniary legacies, whether they be payable directly or in trust or at a future period, unless the will shows a contrary intention.

In examining the will, under item 4, testator gives to his granddaughter the sum of $10,000 to be paid to her absolutely upon reaching the age of 27. This, then, is a pecuniary legacy payable at a future period or upon a contingency, and if the gift were to a stranger or to a collateral relative, under the act interest would not begin to run until the legacy became payable.

Elaine Rapoport is a grandchild, and in our view of the matter, clearly is encompassed in this new legislation and the proviso that follows, and accordingly, we now rule that the trustees shall pay interest in the future at the legal rate of interest upon the $10,000 bequest from the date of the death of testator until Elaine attains the age of 27 years, when the principal sum is payable.